1  Charlyn Sue Greene

2  c/o P.O.Box 275

3  Napoleon, North Dakota [58561]

4  csgreene@protonmail.com

5  (702)491-4800

## UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE ©™, <br> Petitioner <br><br> v <br><br> NATIONSTAR MORTGAGE LLC d/b/a <br> MR COOPER, *et.al.*, <br> MTC FINANCIAL, INC. d/b/a TRUSTEE <br> CORPS, *et.al.*, TRUSTEE CORPS., *et.al* <br> DEBBIE CONWAY d/b/a CLARK <br> COUNTY RECORDER'S OFFICE, *et.al.*, <br> And all persons unknown, claiming any <br> legal or equitable right, title, estate, lien, or <br> interest in the property described in the <br> claim adverse to Petitioner's title, or any <br> cloud upon Petitioner's title thereto. <br> Doe's 1 through 25, <br><br> Respondent (s) | FIRST AMENDED <br> BILL IN EQUITY CLAIM AND <br> SUMMARY OF DETAILED MOTION <br> IN SUPPORT OF PETITION FOR <br> QUIET TITLE AND REQUEST FOR <br> JUDICIAL REVIEW OF <br> ADMINISTRATIVE PROCESS AND <br> REQUEST FOR SUMMARY <br> JUDGMENT <br><br> Civil Action No. 1:24-cv-87 <br><br> JURY TRIAL DEMANDED - NO |

### FIRST AMENDED BILL IN EQUITY CLAIM AND SUMMARY OF DETAILED MOTION IN SUPPORT OF PETITION FOR QUIET TITLE AND REQUEST FOR JUDICIAL REVIEW OF ADMINISTRATIVE PROCESS AND REQUEST FOR SUMMARY JUDGMENT

Now comes the Petitioner CHARLYN GREENE©™, filing this FIRST AMENDED BILL IN EQUITY CLAIM AND SUMMARY OF DETAILED MOTION IN SUPPORT OF PETITION FOR QUIET TITLE AND REQUEST FOR JUDICIAL REVIEW OF

- 1 -

First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment

ADMINISTRATIVE PROCESS AND REQUEST FOR SUMMARY JUDGMENT. Petitioner moves the court to take judicial notice of the fact that Petitioner appears without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. Therefore, the pleadings must be read and construed liberally. See *Haines v Kerner, 404 US at 520 (1980)*; Further, Petitioner believes that this equitable court has a responsibility and legal duty to protect any and all of Petitioner's constitutional, equitable, due process, and statutory rights.

## I. THE PARTIES

A. The Petitioner

    Name:          CHARLYN GREENE© ™
    Address:       c/o P.O. Box 275
    City, St Zip:   Napoleon, ND [58561] - Logan County
    Telephone No: (702)491-4800
    Email Address: csgreene@protonmail.com

B. The Respondent(s)

    Respondent No. 1

    Name:          NATIONSTAR MORTGAGE, LLC d/b/a MR COOPER, *et.al*
    Address:       8950 Cypress Waters Blvd. (corrected process address)
    City, St Zip:   Coppell, TX 75019 - Dallas County
    Telephone No: (888)480-2432
    Email Address: Unknown

    Respondent No. 2

    Name:          MTC FINANCIAL, INC d/b/a TRUSTEE CORP, *et.al*
    Address:       3571 Red Rock Street, Ste B (does not accept process at this address)
    City, St Zip:   Las Vegas, NV 89103 - Clark County
    Telephone No: (949)252-8300
    Email Address: Unknown

    Respondent No.3

    Name:          GKL REGISTERED AGENTS of NV, INC. on behalf of
                     TRUSTEE CORPS, *et.al*
    Address:       One Capital Mall, Ste. 660
    City, St Zip:   Sacramento, CA 95814 - Sacramento County
    Telephone No: (949)252-8300
    Email Address: Unknown

    Respondent No. 4

    Name:          DEBBIE CONWAY, CLARK COUNTY RECORDER'S OFFICE, *et.al*
    Address:       500 S. Grand Central Parkway, 2nd Floor
    City, St Zip:   Las Vegas, Nevada 89155-1510 - Clark County
    Telephone No: (702)455-0000
    Email Address: Unknown

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment**

## II. JURISDICTION AND VENUE

Jurisdiction in this matter is hereby granted by Charlyn Greene, as Petitioner has established residency in the State of North Dakota for over one (1) year. The venue of this court is correct as CHARLYN GREENE©™ does business in and has established residency in the STATE OF NORTH DAKOTA and CHARLYN GREENE©™ is diverse from Respondents and the amount exceeds Seventy Five Thousand ($75,000.00) dollars.

*28 U. S. C. § 1332 - DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS*

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
(1)   citizens of different States"

## III. PARTIES

Petitioner, CHARLYN GREENE©™ has established residency in the STATE OF NORTH DAKOTA for over one (1) year.

NATIONSTAR MORTGAGE LLC d/b/a MR COOPER, *et.al* (hereinafter referred to as MR COOPER) demonstrates a residency in the jurisdiction of the United States and does business in the STATE OF NORTH DAKOTA and is headquartered in the STATE OF TEXAS.

MTC FINANCIAL, INC d/b/a TRUSTEE CORPS, *et.al* (hereinafter referred to as MTC) demonstrates a residency in the jurisdiction of the United States and does business in the STATE OF NEVADA and is headquartered in the STATE OF CALIFORNIA.

TRUSTEE CORPS., *et.al* (hereinafter referred to as TRUSTEE CORPS) demonstrates a residency in the jurisdiction of the United States and does business in the STATE OF NEVADA and is headquartered in the STATE OF CALIFORNIA.

DEBBIE CONWAY - CLARK COUNTY RECORDER'S OFFICE, *et.al.,* (hereinafter referred to as Recorder) demonstrates a residency in the jurisdiction of the United States and does business in the STATE OF NEVADA

Petitioner herein proves to this Honorable Equity Court the following:

## IV. ESSENTIAL FACT ELEMENTS

1). This is an action for Breach of Contract

2). Petitioner has exhausted administrative remedy and comes to this Court of Equity with clean

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment**

hands and good faith.

*NDCC 41-01-18/UCC 1-304 OBLIGATION OF GOOD FAITH*

*"Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."*

3). Petitioner alleges and proves that there is no genuine dispute as to any material fact and Petitioner is entitled to judgment as a matter of law

4). Petitioner alleges and proves Petitioner is entitled to remedy in this equitable claim

5). Petitioner has placed the facts and the law before this Honorable Equity Court

6). Equity demands a remedy

7). Petitioner solicited the services of an officer of the court, a notary public witness and the USPS to witness Petitioner's complete commercial administrative process

8). Petitioner has conveyed said property into an inter vivos private trust, TRIPLE BRAIDED CORD TRUST per *The Garn-St Germain Depository Institutions Act of 1982*, (see motion/ memorandum)

### RESPONDENT NO. 1 - MR COOPER

9). Petitioner alleges and proves that Respondent Mr Cooper is in Breach of Contract

10). Petitioner alleges and proves that Respondent Mr Cooper made Petitioner an offer to compensate Respondent Mr Cooper in exchange for full conveyance of Petitioners real property located at 8157 Lennox View Lane, Las Vegas, Nevada 89113, APN 163-33-712-033

11). Petitioner alleges and proves that Petitioner accepted Respondent Mr Coopers offer and performed under the contract terms

12). Petitioner alleges and proves that Petitioner has made full and complete compensation per presentment contract requested by Respondent Mr Cooper

13). Petitioner alleges and proves that Respondent Mr Cooper received and accepted full compensation from Petitioner and did *NOT* apply compensation to Petitioners alleged account

14). Petitioner alleges and proves that Respondent Mr Cooper did not cease collection activities nor did Respondent Mr Cooper convey Petitioners real property

15). Petitioner alleges and proves that Petitioner has established *"judgement in estoppel"* against Respondent Mr Cooper

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition For Quiet Title and Request for Judicial Review of Administrative Process and Request for Summary Judgment**

16). Petitioner alleges and proves that Petitioners administrative remedy against Respondent Mr Cooper is *res judicata*

17). Petitioner alleges and proves that Respondent Mr Cooper had a fiduciary duty/obligation to perform under the contract

18). Petitioner alleges and proves that the failure of Respondent Mr Cooper to perform in this matter is *tacit procuration*

19). Petitioner alleges and proves that Respondent Mr Cooper's silence throughout Petitioners administrative process is acquiescence

20). Petitioner alleges and proves that Respondent Mr Cooper is estopped for failure to perform to the alleged contract terms

21). Petitioner alleges and proves that Respondent Mr Cooper breached Respondent Mr Cooper's fiduciary duty by failing to perform Respondent Mr Cooper's end of the contract

22). Petitioner alleges and proves that Petitioner gave Respondent Mr Cooper due process

23). Petitioner alleges and proves that Respondent Mr Cooper may not keep/refuse compensation and keep Petitioner bound to an alleged contract

24). Petitioner alleges and proves that Respondent Mr Cooper has never recorded any documents in Respondent Mr Coopers name in the real property records and therefore has no standing to foreclose/cause to be foreclosed on said real property

25). Petitioner alleges and proves that Respondent Mr Cooper has no past or present standing to continue collection/foreclosure activities

26). Petitioner alleges and proves that a stipulation has been reached through the complete and thorough administrative process with Respondent Mr Cooper

27). Petitioner alleges and proves the time for Respondent Mr Cooper to object to any of Petitioner's claims in this action has passed

28). Petitioner alleges and proves that after Respondent Mr Cooper was fully compensated, Respondent Mr Cooper hired Respondents MTC d/b/a Trustee Corps to foreclose on said private property

29). Petitioner alleges and proves that Respondent Mr Cooper caused said private property to be

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment**

foreclosed on

30). Petitioner alleges and proves that Respondent Mr Cooper was notified that the current ownership of said property had changed

31). Petitioner alleges and proves that 'but for' Respondent Mr Coopers Breach of Contract, Petitioner would not have suffered harm, injury, or damage and this action would not be necessary.

32). Petitioner's administrative process is ripe for judicial review and **there are no facts in controversy** as Respondent Mr Cooper is in **DEFAULT**.

### RESPONDENTS NO. 2 and 3 - MTC d/b/a TRUSTEE CORPS

33). Petitioner alleges and proves that Respondents MTC and Trustee Corps were notified that the current ownership of said property has changed

34). Petitioner alleges and proves that Respondents MTC and Trustee Corps disregarded that the current legal ownership of said property has changed

35). Petitioner alleges and proves that Respondents MTC and Trustee Corps have trafficked on a private Trust

36). Petitioner alleges and proves that on May 10, 2024, Respondents MTC and Trustee Corps auctioned off/caused to be auctioned off said real property

37). Petitioner alleges and proves that Respondents MTC and Trustee Corps are *NOT* the legal/lawful owners of said property and have no authority to convey/grant said property to another

### RESPONDENT NO. 4 - DEBBIE CONWAY, CLARK COUNTY RECORDER

38). Petitioner alleges and proves that on March 07, 2024, Petitioner submitted to Respondent Recorder the documents identified as "Grantor Deed" and "Rescission of Deed of Trust" for recording on Petitioners real property

39). Petitioner alleges and proves that on March 12, 2024, Respondent Recorder *denied* Petitioners request to record "Grantor Deed" and "Rescission of Deed of Trust".

40). Petitioner alleges and proves that on March 20, 2024, Petitioner successfully completed a conveyance of said real property into the private inter vivos trust, TRIPLE BRAIDED CORD TRUST per *The Garn-St Germain Depository Institutions Act of 1982* (see motion/

First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment

memorandum)

41). Petitioner alleges and proves that on March 27, 2024, Petitioner submitted to Respondent Recorder a second "Rescission of Deed of Trust aka Security Instrument" for recording on said property as Petitioners original "Deed of Trust aka Security Instrument" was a unilateral agreement and Petitioner was the only party to said "Deed of Trust aka Security Instrument".

42). Petitioner alleges and proves that on March 27, 2024 Respondent Recorder _denied_ the second submission to record the "Rescission of Deed of Trust aka Security Instrument"

43). Petitioner alleges and proves that on May 23, 2024, Petitioner submitted to Respondent Recorder a "Notice of Lis Pendens" of this court action for recording on said property.

44). Petitioner alleges and proves that on May 23, 2024, Respondent Recorder _denied_ the recording of Petitioners "Notice of Lis Pendens"

45). Petitioner alleges and proves that on _ALL_ of the _denial_ letters Petitioner received from Respondent Recorder it states the following as the reason for the _denial_...

> ">>> <<<<< DENIED >>>>> Pursuant to NRS 247.145, the Clark County Recorder hereby denies your request to record the document(s) submitted under this transaction/remote id for the following reason(s): **the document(s) is/are not authorized, entitled or required by law to be recorded.** As the requester, you have the right to seek judicial review of the denial. Please be advised you are prohibited from resubmitting this/these document(s) for recordation unless the document(s) has been modified in such a manner that **it may be lawfully recorded** or you have obtained a court order to record the document(s) upon judicial review. Unless a greater penalty is provided by NRS 239.330, a violation of NRS 247.145(5) is a misdemeanor."(Emphasis added)

46). Petitioner alleges and proves that in the outgoing recorded phone message from Respondent Recorders office, the message purports to say…. "Please be advised that our office is prohibited by state law from providing legal advice, assisting with filling out forms, or interpreting documents."

47). Petitioner alleges and proves that Respondent Recorder has a pattern of behavior that proves Respondent Recorder has unlawfully and unilaterally made a determination on what documents Petitioner may record on Petitioners private property into the public record

48). Petitioner alleges and proves that Respondent Recorder is a "Recorder" of public records and not the judge/interpreter/legal advisor of public records

49). Petitioner alleges and proves that Respondent Recorder has unlawfully interpreted

- 7 -

First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment

Petitioners documents

50). Petitioner alleges and proves that Respondent Recorder has provided legal advice regarding Petitioners documents

51). Petitioner alleges and proves that Respondent Recorder threatened Petitioner that Petitioner was committing a crime simply by filing documents into the public record.

52). Petitioner alleges and proves on June 06, 2024, Respondent Recorder recorded a fraudulent Trustees Deed with Petitioner as the Grantor of said property

53). Petitioner alleges and proves that Respondent Recorder unlawfully and successfully clouded the chain of title of said property

54). Petitioner alleges and proves that on June 07, 2024 Respondent Recorder *deleted* from the chain of title the "Grantor Deed" that was recorded by Petitioner on May 02, 2024 conveying said property to the private inter vivos trust, TRIPLE BRAIDED CORD TRUST

55). Petitioner alleges and proves that based on Respondent Recorders actions, Respondent Recorder has made a determination who is the legal/lawful owner of Petitioners real property.

56). Petitioner alleges and proves that Respondent Recorder altered and concealed the order of ownership of said property

57). Petitioner alleges and proves that it is a crime to willfully and unlawfully remove, alter, mutilate, destroy, conceal, or obliterate a record, map, book, paper, document, or other thing filed or deposited in a public office, or with any public officer, by authority of law and Respondent Recorder is guilty of a category C felony

58). Petitioner alleges and proves that ownership of any real property is not subject to the discretion of Respondent Recorder

59). Petitioner alleges and proves that prior to accepting a deed for recordation, Respondent Recorder is required to insure that the Grantor of any new deed is the Grantee of the existing deed on the record

60). Petitioner alleges and proves that Petitione is *not* the current legal owner of said property and *cannot* legally/lawfully be Grantor of the fraudulent Trustees Deed that Respondent Recorder allowed to be recorded on said property on June 06, 2024

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment**

61). Petitioner alleges and proves that the legal/lawful owner, TRIPLE BRAIDED CORD TRUST is the only entity with legal authority to convey said property

*"A matter must be expressed to be resolved"*

## V. REMEDY/RELIEF

62). Per Rule 56 of the Federal Rules of Civil Procedure, Petitioner has and does prove that there is no genuine dispute as to any material fact and Petitioner is entitled to judgment as a matter of law; (See detailed Motion/Memorandum)

63). Petitioner requests remedy and judicial review of Petitioner's administrative process

64). Petitioner requests this Equitable Court to find the facts and execute on the law of the contract

65). Petitioner requests summary judgment on Petitioners administrative process

66). Petitioner's remedy can be ascertained in the following ways:

**Remedy Required from Respondent No. 1 - Mr Cooper:**

a). The court order/enforce summary judgment on behalf of Petitioner and against Respondent Mr Cooper for the full face value of the negotiable instrument as Respondent Mr Cooper retained the negotiable instrument and continued making collection efforts/hired third parties to unlawfully foreclose on said private property which makes Respondent Mr Cooper liable for the full face value of the negotiable instrument in the amount of Four Hundred Thirty Thousand, Six Hundred Eighty One Dollars and 29/100 USD ($430,681.29). Respondent Mr Cooper has stipulated that it's failure to ledger Petitioner's tender offer to the account within 30 days that it has converted Petitioner's negotiable instrument and by the act of conversion is a clear violation of Petitioner's substantive due process rights which makes Respondent Mr Cooper liable for the full face value of the negotiable instrument...*AND*

b). The court order/enforce summary judgment on behalf of Petitioner and against Respondent Mr Cooper in the amount of Five Hundred Thousand Dollars ($500,000 USD)/per each presentment sent to Petitioner after alleged debt was fully satisfied per the Fair Debt Collection Practices Act (FDCPA). Respondent Mr Cooper sent seventeen (17) presentments for additional compensation in the span of six (6) months or 25 weeks which in the normal

course of business, Petitioner should have only received six (6) presentments to equal one presentment per month. All presentments were 'Accepted for Assessed Value' and returned for closure/discharge/settlement. Respondent Mr Cooper was informed in the first mailing of the fee if Respondent Mr Cooper continued making collection efforts. Total amount is Eight Million, Five Hundred Thousand dollars, ($8,500,000.00). Petitioner certifies that a good faith effort was made to communicate with Respondent Mr Cooper in an effort to resolve the issue(s) raised by the subsequent motion, however, Respondent Mr Cooper purports by Respondent Mr Cooper's action/in-action that Respondent Mr Cooper is entitled to compensation **_and_** a security interest in private real property and have never exchanged Value for Consideration.

c). The court order/enforce specific performance on behalf of Petitioner and against Respondent Mr Cooper requiring Respondent Mr Cooper to cease and desist in all attempts to collect on an "alleged debt" that has been fully satisfied and to set-off, close, discharge, settle the accounting with a zero balance receipt as Respondent Mr Cooper has already stipulated to through the complete and thoroug administrative process and has agreed that Petitioner has undisputedly and unequivocally fully satisfied alleged debt…AND

**Remedy Required from Respondent No. 2 and 3 - MTC d/b/a Trustee Corp:**

d). The court order/enforce summary judgment on behalf of Petitioner and against Respondents MTC and Trustee Corps in the sum total of One Million, Five Hundred Thirty Six Thousand Dollars ($1,536,000.00) which is triple damages of the sale price of said property.
Respondents MTC and Trustee Corps caused property to be sold at foreclosure auction for Five Hundred Twelve Thousand Dollars ($512,000.00)…AND

**Remedy Required from Respondent No. 4 - Recorder:**

g). The court order/enforce the equitable remedy of specific performance on behalf of Petitioner and against Respondent Recorder by requiring Respondent Recorder to un-delete the legal/lawfully recorded deed that Respondent Recorder fraudulently deleted and to return legal public ownership back to the rightful owner, TRIPLE BRAIDED CORD TRUST.

h). The court order/enforce the equitable remedy of specific performance on behalf of Petitioner

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition
For Quiet Title and Request for Judicial Review of Administrative Process
and Request for Summary Judgment**

and against Respondent Recorder by ordering Respondent Recorder to delete the fraudulent deed which was recorded by Respondent Keroles on June 06, 2024.

i). The court order/enforce summary judgment on behalf of Petitioner and against Respondent Recorder by ordering Respondent Recorder to pay to Petitioner the sum of Five Million Dollars ($5,000,000.00) for altering, destroying, deleting, the lawful ownership of said property. It is clear that Respondent Recorder is a rogue public servant and Petitioner purports that Respondent Recorder has altered Public documents in the past with impunity.

WHEREFORE, Petitioner requests the court will enter an order enforcing remedy on the aforementioned res judicata facts and granting Petitioner's claim for summary judgment/specific performance by ordering/enforcing *ALL* of the above options for remedy and by granting further relief as the court may deem reasonable under the circumstances.

## VI. CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my belief, knowledge, and information that this complaint:

1). is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2). is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

3). the factual contentions have evidentiary support

4). the complaint otherwise complies with the requirements of Rule 11.

Dated: June 14, 2024        By: _____
                            Charlyn Greene, Pro Se
                            All rights reserved, without recourse
                            c/o P.O. Box 275
                            Napoleon, ND [58561]
                            (702)491-4800
                            csgreene@protonmail.com

**First Amended Bill in Equity Claim and Summary of Detailed Motion in Support of Petition For Quiet Title and Request for Judicial Review of Administrative Process and Request for Summary Judgment**