Charlyn Sue Greene
c/o P.O.Box 275
Napoleon, North Dakota [58561]
csgreene@protonmail.com
(702)491-4800

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **CHARLYN GREENE © ™,** ) | **BILL IN EQUITY MOTION IN** |
| **Petitioner** ) | **SUPPORT OF CLAIM FOR QUIET** |
| ) | **TITLE AND REQUEST FOR JUDICIAL** |
| **v** ) | **REVIEW OF ADMINISTRATIVE** |
| ) | **PROCESS AND REQUEST FOR** |
| **NATIONSTAR MORTGAGE LLC d/b/a** ) | **SUMMARY JUDGMENT** |
| **MR COOPER,** *et.al.,* ) | |
| **MTC FINANCIAL, INC. d/b/a TRUSTEE** ) | **Civil Action No. 1:24-cv-00087-CRH** |
| **CORPS,** *et.al.,* **TRUSTEE CORPS.,** *et.al.,* ) | |
| ) | **JURY TRIAL DEMANDED - NO** |
| **And all persons unknown, claiming any** ) | |
| **legal or equitable right, title, estate, lien, or** ) | |
| **interest in the property described in the** ) | |
| **claim adverse to Petitioner's title, or any** ) | |
| **cloud upon Petitioner's title thereto.** ) | |
| **Doe's 1 through 25,** ) | |
| ) | |
| **Respondent (s)** ) | |

## BILL IN EQUITY MOTION IN SUPPORT OF CLAIM FOR QUIET TITLE AND
## REQUEST FOR JUDICIAL REVIEW OF ADMINISTRATIVE PROCESS
## AND REQUEST FOR SUMMARY JUDGMENT

Now comes the Petitioner CHARLYN GREENE© ™, filing this BILL IN EQUITY

MOTION IN SUPPORT OF CLAIM FOR QUIET TITLE AND REQUEST FOR JUDICIAL

REVIEW OF ADMINISTRATIVE PROCESS AND REQUEST FOR SUMMARY JUDGMENT

Petitioner moves the court to take judicial notice of the fact that she appears without

counsel, is not schooled in the law and legal procedures, and is not licensed to practice law.

Therefore, the pleadings must be read and construed liberally. See *Haines v Kerner, 404 US at*

*520 (1980);* Further, Petitioner believes that this court has a responsibility and legal duty to

protect any and all of Petitioner's constitutional, equitable, due process, and statutory rights.

- 1 -

**Bill in Equity Motion in Support of Claim for Quiet Title and Request for Judicial Review
of Administrative Process and Request for Summary Judgment**

Petitioner herein proves to this Honorable Equity Court the following:

## I. AGREED ESSENTIAL FACT ELEMENTS

1). Petitioner has exhausted administrative remedy and comes to this court of equity with clean hands and good faith pursuant to Administrative Remedy *28 USC § 1337, § 2461, §2463*

*NDCC 41-01-18/UCC 1-304 OBLIGATION OF GOOD FAITH*

*"Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."*

2). Petitioner has placed the facts and the law before this Honorable Equity Court.

3). Equity demands a remedy.

4). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper is in Breach of Contract.

5). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper made Petitioner an offer to compensate Respondent Mr Cooper in exchange for full conveyance of Petitioners real property located at 8157 Lennox View Lane, Las Vegas, Nevada 89113, APN 163-33-712-033.

6). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioner accepted Respondent Mr Coopers offer and performed under the contract terms.

7). Petitioner alleges and proves and Respondent Mr Cooper agrees that a stipulation has been reached through the complete and thorough administrative process with Respondent Mr Cooper.

8). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioner has made full and complete compensation per presentment contract requested by Respondent Mr Cooper.

9). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper received and accepted full compensation from Petitioner and did *NOT* apply compensation to Petitioners alleged account.

10). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper did not cease collection activities nor did Respondent Mr Cooper convey Petitioners real property.

11). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioner has established *"judgement in estoppel"* against Respondent Mr Cooper.

12). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioners administrative remedy is *res judicata.*

13). Petitioner alleges and proves and Respondent Mr Cooper Agrees that Respondent Mr Cooper had a fiduciary duty/obligation to perform under the contract.

14). Respondent Mr Cooper agrees that failure of Respondent Mr Cooper to perform in this matter is *tacit agreement.*

15). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioner is entitled to remedy in this equitable claim.

16). Petitioner solicited the services of an officer of the court, a notary public witness and the USPS to witness Petitioner's complete and thorough private administrative commercial process.

17). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper is estopped for failure to perform to the contract terms.

18). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper breached Respondent Mr Cooper's fiduciary duty by failing to perform Respondent Mr Cooper's end of the contract.

19). Petitioner alleges and proves and Respondent Mr Cooper agrees that Petitioner gave Respondent Mr Cooper due process.

20). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper may not keep/refuse compensation and keep Petitioner bound to an alleged contract.

21). Petitioner alleges and proves that on March 20, 2024 Petitioner granted said property into a private inter vivos trust per *The Garn-St Germain Depository Institutions Act of 1982.*

22). On May 10, 2024, Respondents Mr Cooper, MTC, and Trustee Corps held a foreclosure sale and auctioned off said real property after having received and accepted full compensation and satisfaction of alleged debt and after Petitioner no longer owned said property.

23). Respondents admit in Respondents Memorandum in Support of Motion to Dismiss that Petitioner was not the legal owner of said property at the time of the foreclosure sale.

24). Respondents used Petitioners name as Grantor of Respondents unlawful Trustees Deed conveying said property to another when Petitioner was not the legal owner of said property.

**Bill in Equity Motion in Support of Claim for Quiet Title and Request for Judicial Review
of Administrative Process and Request for Summary Judgment**

25). Respondents have disregarded that the current legal ownership of said property had changed

26). Petitioner alleges and proves that the Breach of Contract happened between North Dakota and Texas as all evidence reflects.

27). Petitioner alleges and proves this action is NOT a *"res"* action.

28). Petitioner alleges and proves Petitioner conveyed said property to the private Trust with a clean/unclouded title.

29). Petitioner alleges and proves the Respondents clouded the chain of title on said property and used Petitioners name (private property) unlawfully as the current legal owner/Grantor of said property on Respondents Trustees Deed to convey property to an alleged buyer.

30) Petitioner alleges and proves that Petitioner has the right to Quiet Title and to restore the Title back to the titles unclouded state as it was before Respondents issued the unlawful Trustees Deed.

31). Respondents admit in Respondents 'Memorandum in Support of Nationstar Mortgage LLC d/b/a Mr Coopers Motion to Dismiss…' that "Petitioner lacks standing to seek to set aside the foreclosure sale because she did not own the property in her individual capacity at the time of the sale, the Trust did.  She did not suffer any personal injury by the foreclosure, the Trust did."

32). By Respondents own admission, it's ok that the entity Trust suffered personal injury by Respondents unconscionable/unlawful actions.

33). Respondents must produce the Deed of Trust signed by Triple Braided Cord Trust to prove the foreclosure was anything but unlawful.

34). Petitioner is merely seeking to be restored to Petitioners undamaged status prior to the Breach of Contract inflicted by Respondent Mr Cooper.

35). Petitioner alleges and proves and Respondent Mr Cooper agrees that Respondent Mr Cooper has confessed judgment to all facts herein

36). Petitioner alleges and proves this action is **NOT** an *in rem* action

37). Petitioner alleges and proves that Petitioner's administrative process is ripe for judicial review and **there are no facts in controversy** as Respondent is in **DEFAULT** per the confessed judgment notarial protest/private administrative process.

*"A matter must be expressed to be resolved"*

## II. CAUSE OF ACTION - BREACH OF CONTRACT - INDISPUTABLE FACTS

### Respondent No. 1 - MR COOPER

Petitioner alleges and proves and has evidentiary support of the following:

38). This is an action for Breach of Contract.

39). On or about October 20, 2023, Respondent Mr Cooper mailed Petitioner a 30-day presentment in the amount of Four Hundred Thirty Thousand, Six Hundred Eighty One and 29/100 USD ($430,681.29).

40). Petitioner received said presentment on October 30, 2023.

41). On November 01, 2023, Petitioner solicited the services of an officer of the court, notary public, Sondra Wilke, hereinafter referred to as notary witness, to witness the complete private/ commercial administrative process between Petitioner and Respondent Mr Cooper.

42). On November 01, 2023, Petitioner 'Accepted for Assessed Value' Respondent Mr Coopers request for compensation and indorsed and returned said presentment, *(exhibit 1-3)*.

43). Included in returned presentment was Negotiable Instrument Registered Bond No. RE428251588US *(exhibit 1-5a and 1-5b),* hereinafter referred to as negotiable instrument, for the full face amount of presentment, Four Hundred Thirty Thousand, Six Hundred Eighty One and 29/100 USD, ($430,681.29) complete with a 'Letter of Advice/Processing Instructions' *(exhibit 1-4)*, a 'NOTICE of ACCEPTANCE' letter *(exhibit 1-2)*, the indorsed 'Accepted for Assessed Value' original presentment *(exhibit 1-3)*, UCC-3 Instrument Claim *(exhibit 1-6),* an updated 'Statement of Account' reflecting zero balance *(exhibit 1-8),* a 'Memorandum of Law' *(exhibit 1-10a through 1-10o)*, and a copy of a 'Credit Pre-Authorization' letter *(exhibit 1-9)* which was mailed to Janet Yellen, THE SECRETARY OF THE UNITED STATES TREASURY *(exhibit 1A-1, 1A-2)* instructing THE UNITED STATES TREASURY to credit Respondent Mr Cooper upon presentment of Negotiable Instrument Registered Bond No.RE428251588US, *(exhibits1-1 through 1-12).*

44). Respondent Mr Cooper received and accepted Petitioners Negotiable Instrument as referenced by the notary witness 'Certificate of Service' *(exhibit 1-1)* and USPS Certificate of

- 5 -

Mailing form 3811 (hereinafter referred to as USPS) No. RE428251588US *(exhibit 1-11)* on November 06, 2023 at 12:16 pm per Respondent Mr Coopers instructions noted on presentment at Respondent Mr Coopers address at Lake Vista 4, 800 State Highway 121 Bypass, Lewisville, TX 75067 *(exhibit 1-1)*.

45). In said 'NOTICE of ACCEPTANCE', Respondent Mr Cooper was instructed to respond to Petitioner through the notary witness if tendered compensation had a defect in form or substance <u>or was dishonored by a qualified third party</u> to give Petitioner an opportunity to cure any such defect.

46). Petitioner informed Respondent Mr Cooper that Ms. Janet Yellen, THE SECRETARY OF THE UNITED STATES TREASURY was also receiving a 'Credit Pre-Authorization' letter *(exhibit 1-9)* and to process the negotiable instrument upon presentment by Respondent Mr Cooper as referenced by USPS No. 7021 1970 0000 2071 7505 *(exhibit 1B)*.

47). In said 'NOTICE of ACCEPTANCE', Respondent Mr Cooper was informed that Petitioner was issuing Negotiable Instrument, Registered Bond No. RE428251588US in exchange for full set-off/discharge/closure/settlement of the alleged account.

48). Respondent Mr Cooper was also informed to issue a lien release/conveyance of Petitioners real property located at 8157 Lennox View Lane, Las Vegas, Nevada 89113 in exchange for full compensation.

49). Respondent Mr Cooper retained/converted Petitioners negotiable instrument.

50). Respondent Mr Cooper did not ledger/credit Petitioners alleged account nor did Respondent Mr Cooper issue a lien release/conveyance of Petitioners real property.

51). Respondent Mr Cooper was informed in the 'NOTICE of ACCEPTANCE' that its refusal to send confirmation of the alleged account being adjusted or by remaining silent would in no way negate the closure/settlement/discharge of the alleged account.

52). Respondent Mr Cooper was also so informed that by accepting the full compensation for alleged account that it had no capacity to pursue collection.

53). Respondent Mr Cooper was so informed that further collection activities confirms that Respondent Mr Cooper is liable to Petitioner for $500,000/per occurrence per collection activity

- 6 -

1  and Petitioner may exercise all means to collect.

2  54). On November 13, 2023, after the notary witness having received no response from

3  Respondent Mr Cooper, Petitioner prepared and again solicited the services of the notary

4  witness to mail a 'NOTICE and AFFECT of FAILURE to RESPOND' *(exhibit 2-2)* as

5  referenced by the  notary witness 'Certificate of Service #2' *(exhibit* 2-1) and USPS No. 7022

6  1670 0002 1000 3007 *(exhibit 2-3)*.

7  55). Said 'NOTICE and AFFECT of FAILURE to RESPOND was received and accepted by

8  Respondent Mr Cooper on December 07, 2023 at 12:10pm. *(exhibit 2-3)* at Respondent Mr

9  Cooper's requested address.

10  56). In Petitioners second notice, the 'NOTICE and AFFECT of FAILURE to RESPOND,

11  Petitioner informed Respondent Mr Cooper that confirmation of the alleged debt being set-off/

12  closed/discharged had not been received by the notary witness and Petitioner offered Respondent

13  Mr Cooper an opportunity to cure its mistake.

14  57). In said 'NOTICE and AFFECT of FAILURE to RESPOND, Petitioner informed Respondent

15  Mr Cooper that Petitioner assumes/presumes one of the following instances is true:

16        a). The consideration was applied to the alleged account and Respondent Mr Cooper

17           forgot to notify Petitioner…OR

18        b). Respondent Mr Cooper elected to cancel the alleged debt and forgot to notify

19           Petitioner…OR

20        c). The Negotiable Instrument tendered was defective in form or substance, then

21           Petitioner assumes Respondent Mr Cooper received a 'Certificate of Protest'/'Notice

22           of Dishonor' <u>from a qualified third party/Drawee</u> and Respondent Mr Cooper forgot to

23           send Petitioner a copy…OR

24        d). Respondent Mr Cooper received the tendered Negotiable Instrument and failed to

25           ledger the account within 30 days, then Petitioner assumes Respondent Mr Cooper has

26           converted Petitioners tender offer and is liable to Petitioner for the full face amount of

27           the Negotiable Instrument…OR

28        e). Respondent Mr Cooper was informed that if it failed to rebut, respond, or clarify it's

1    position within 10 days, then Respondent Mr Cooper agrees that one or more of the

2    above facts is true…OR

3        f). Respondent Mr Cooper agrees the account has been ledgered and Respondent Mr

4        Cooper has NO outstanding claim against Petitioner.

5    58). On November 27, 2023, having received no response from Respondent Mr Cooper,

6    Petitioner prepared and requested the notary witness mail a 'CERTIFICATE of NON-

7    RESPONSE' to Respondent Mr Cooper, *(exhibit 3-2).*

8    59). On December 04, 2023 at 11:57 am, Respondent Mr Cooper received and accepted the

9    notary witness' 3rd notice, the 'CERTIFICATE of NON-RESPONSE' as referenced by the

10    notary witness 'Certificate of Service #3' *(exhibit 3-1)* and USPS No. 7022 1670 0002 1000 3113

11    *(exhibit 3-7).*

12    60). In the 'CERTIFICATE of NON-RESPONSE',  Respondent Mr Cooper was informed by the

13    officer of the court, the notary witness that Respondent Mr Cooper did *NOT* cure Respondent

14    Mr Coopers dishonor and Respondent Mr Cooper gave no reason for Respondent Mr Coopers

15    refusal to set-off/discharge/close said account.

16    61). In said 'CERTIFICATE of NON-RESPONSE', Respondent Mr Cooper was informed that

17    the notary witness had not received any 'Evidence of Dishonor/Notice of Protest' per NDCC

18    41-03-62/UCC 3-505 (see memorandum) of the negotiable instrument by a <u>qualified third party/</u>

19    <u>Drawee</u> which in no way negates the fact that full compensation for the alleged debt had been

20    tendered.

21    62). Again, in the 'CERTIFICATE of NON-RESPONSE', Petitioner informed Respondent Mr

22    Cooper that Respondent Mr Cooper was liable for the full face amount of the tendered

23    Negotiable Instrument.

24    63). In each of the USPS Certified mailings sent by Petitioner and received by Respondent Mr

25    Cooper and verified by the notary witness 'Certificates of Service', Petitioner enclosed a copy of

26    the Negotiable Instrument and copies of previous mailings.

27    64). Respondent Mr Cooper has agreed that there is Accord and Satisfaction (per NDCC 41-03-

28    37/UCC 3-311 see memorandum) of the alleged debt by accepting and not returning the

Negotiable Instrument to Petitioner.

65). Respondent Mr Cooper did not issue a 'Notice of Dishonor/Notice of Protest' from a qualified third party/Drawee (per the NDCC 41-03-62 (2)/UCC 3-505(b) and therefore converted the Negotiable Instrument without ledgering Petitioners account.

66). Respondent Mr Cooper was so informed by the officer of the court, the notary witness that Respondent Mr Cooper was in **DEFAULT**.

67). THEREFORE, Petitioner has made full and complete compensation and has set-off/closed/ discharged/settled the alleged debt in its entirety, and Respondent Mr Cooper agrees.

68). **There is no controversy** before this Honorable Equity Court as Petitioner has fulfilled the terms of the contract and Respondent Mr Cooper has *NOT* fulfilled Respondent Mr Cooper's terms of the contract.

69). Petitioner terminated Respondent Mr Cooper's alleged security interest in Petitioners real property for failing to ledger Petitioners alleged account. (See UCC-1 Nevada Commercial Chamber 2023368860-8 *(exhibits UCC1 1-11a, UCC1 1-11b, UCC1 1-11c)* and UCC-3 termination 2023368895-4 *(exhibits UCC3 3-6a, UCC3 3-6b)* and Texas Commercial Chamber UCC-1 23-0046767126 *(exhibits UCC1 1-7)* and UCC-3 termination 23-00500851 *(exhibit UCC3 3-5)*.

70). On November 22, 2023, Petitioner received presentment #2 from Respondent Mr Cooper dated November 15, 2023 in a different amount of Four Hundred Thirty Thousand, Eight Hundred Sixty Five and 22/100, ($430,865.22), *(exhibit 2A-2)*.

71). On November 22, 2023, Petitioner indorsed and stamped presentment #2 'Accepted for Assessed Value' *(exhibit 2A-2)* and returned for settlement/closure/discharge as referenced by notary witness 'Certificate of Service #2A' *(exhibit 2A-1)* and USPS No. 7022 2410 0001 4899 5662 *(exhibit 2A-3)*.

72). On December 08, 2023 at 12:21 p.m., Respondent Mr Cooper received and accepted the 'Certificate of Service #2A', *(exhibit 2A-3)*.

73). On December 13, 2023, Petitioner received  presentment #4 from Respondent Mr Cooper dated December 02, 2023 in the amount of Four Hundred Thirty Six Thousand, Nine Hundred

Fifty Nine and 66/100, ($436,959.66), *(exhibit 4-6)*.

74). On December 14, 2023, Petitioner indorsed and stamped presentment #4 'Accepted for Assessed Value' *(exhibit 4-6)* and requested the notary witness return presentment #4 in exchange for settlement/closure/discharge as referenced by notary witness 'Certificate of Service #4' *(exhibit 4-1)* and USPS No. 7021 1970 0000 2071 7413 *(exhibit 4-7)*.

75). On December 14, 2023, having received no response from Respondent Mr Cooper, Petitioner prepared and requested the notary witness mail a 'NOTICE of ADEQUATE ASSURANCE of DUE PERFORMANCE/DEBT VALIDATION REQUEST' (see memorandum). Also included in the notary witness 'Certificate of Service #4' *(exhibit 4-1)* mailing was a copy of the Negotiable Instrument, an 'Affidavit' to be signed by an officer for Respondent Mr Cooper verifying/validating the alleged debt as required per the Fair Debt Collection Practices Act *(exhibit 4-5)* as *ALL* debts must be sworn to, a list of 'Inquiries' (questions) *(exhibit 4-3)* regarding the alleged debt, a signed 'Affidavit' by Petitioner as to the stipulation that has been agreed upon between Petitioner and Respondent Mr Cooper *(exhibit 4-4)*.

76). Respondent Mr Cooper received and accepted the 'NOTICE of ADEQUATE ASSURANCE of DUE PERFORMANCE/DEBT VALIDATION REQUEST' mailing on December 18, 2023 at 11:25 am, *(exhibit 4-7)*.

77). In said 'NOTICE of ADEQUATE ASSURANCE of DUE PERFORMANCE/DEBT VALIDATION REQUEST' Petitioner informed Respondent Mr Cooper that Petitioner disputes alleged debt in its entirety and that the alleged debt has been fully and completely discharged/ set-off/closed/settled.

78). Respondent Mr Cooper was again informed to communicate with Petitioner through the officer of the court, the third party notarial witness, Sondra Wilke.

79). Petitioner informed Respondent Mr Cooper that per UCC 2-609 (see memorandum ) all collection efforts must cease upon a debt validation request and the list of 'Inquiries' had been answered or the alleged account had been ledgered and closed.

80). On December 17, 2023, Petitioner received  presentment #5 from Respondent Mr Cooper

dated December 07, 2023, in a different amount of Four Hundred Thirty Seven Thousand, Eight Hundred Fifty One and 79/100 ($437,851.79), *(exhibit 5-2)*.

81). On December 18, 2023, Petitioner indorsed and stamped presentment #5 'Accepted for Assessed Value' *(exhibit 5-2)* and requested the notary witness return presentment #5 for closure/settlement/discharge as referenced by the notary witness 'Certificate of Service #5' (*exhibit 5-1*) and USPS No. 7020 3160 0001 7019 6775 *(exhibit 5-3)*.

82). On December 26, 2023 at 10:37 am, Respondent Mr Cooper received and accepted presentment #5 *(exhibit 5-3)*.

83). On December 23, 2023 Petitioner received presentments #6A and 6B, dated 12/14/2023, in a different amount of Four Hundred Thirty Eight Thousand, Eight Hundred Fifty Two and 74/100, ($438,852.74), *(exhibits 6-2, 6-3)* Presentment #6A was addressed and mailed to the notary witness address.

84). On December 26, 2023, Petitioner indorsed and stamped presentment #6A and #6B 'Accepted for Assessed Value' *(exhibits 6-2, 6-3)* and requested the notary witness return presentments for settlement/closure/discharge as referenced by notary witness 'Certificate of Service #6' *(exhibit 6-1)* and USPS No. 7020 3160 0001 7019 6720 *(exhibit 6-4)*.

85). On January 02, 2024 at 3:02 pm, Respondent Mr Cooper received and accepted the 'Certificate of Service #6', *(exhibit 6-4)*.

86). On January 08, 2024, Petitioner received presentments #7A and #7B *(exhibits 7-2, 7-3)* dated 12/22/2023, in a different amount of Four Hundred Forty Thousand, Three Hundred Eighty Five and 12/100, ($440,385.12), *(exhibits 7-2, 7-3)*. Presentment #7A was addressed and mailed to the notary witness address.

87). On January 08, 2024, Petitioner indorsed and stamped presentments #7A and #7B 'Accepted for Assessed Value' *(exhibits 7-2, 7-3)* and requested the notary witness return presentments for settlement/closure/discharge as referenced by notary witness 'Certificate of Service #7', *(exhibit 7-1)* and USPS No.7020 3160 0001 7019 6805 *(exhibit 7-4)*.

88). On January 16, 2024 at 1:02 pm, Respondent Mr Cooper received and accepted the 'Certificate of Service #7' mailing, *(exhibit 7-4)*.

89). On January 13, 2024, Petitioner received  presentment #8, dated 01/04/2024, in a different amount of Four Hundred Forty One Thousand, Two Hundred Thirty Seven and 91/100, ($441,237.91), *(exhibit 8-3)*.

90). On January 16, 2024, Petitioner indorsed and stamped presentment #8 'Accepted for Assessed Value' *(exhibit 8-3)* and requested the notary witness return presentment for closure/ settlement/discharge as referenced by notary witness 'Certificate of Service #8'*(exhibit 8-1)* and USPS No. 7021 1970 0000 2071 7499 *(exhibit 8-10)*.

91). On January 16, 2024, having received no response from Respondent Mr Cooper to any of Petitioners correspondence, Petitioner prepared and requested the notary witness mail a 'NOTICE and DEMAND to CEASE and DESIST COLLECTION ACTIVITIES PRIOR to VALIDATION of ALLEGED DEBT' pursuant to *15 U.S.C § 1692g (b) - Validation of  Debts (exhibit 8-2)* (see memorandum).

92). Included in mailing #8 was presentment #8 *(exhibit 8-3)*, the 'NOTICE and DEMAND to CEASE and DESIST COLLECTION ACTIVITIES PRIOR to VALIDATION of ALLEGED DEBT' *(exhibit 8-2)*, copy of signed 'AFFIDAVIT' from Petitioner *(exhibit 8-4),* 'AFFIDAVIT' for Respondent  Mr Cooper to sign *(exhibit 8-6)*, list of same 'Inquiries' *(exhibit 8-5)*,  copy of *15 U.S.C § 1692g (4) - "Validation of Debts"(exhibit 8-7)*, Federal Reserve Bank of Chicago, *Modern Money Mechanics, p.6 (exhibit 8-8)* the definition of *"Verification"* from Blacks Law Dictionary 7th ed. *(exhibit 8-9)* as referenced by notary witness 'Certificate of Service #8' *(exhibit 8-1)* and USPS No. 7021 1970 0000 2071 7499, *(exhibit 8-10)*.

        *"An unrebutted affidavit stands as truth in commerce"*

93). In said 'NOTICE and DEMAND to CEASE and DESIST COLLECTION ACTIVITIES PRIOR to VALIDATION of ALLEGED DEBT', Respondent Mr Cooper was so informed that Petitioner disputes the alleged debt in its entirety and Petitioner declines to compensate Respondent Mr Cooper any further as Respondent Mr Cooper has not verified/validated alleged debt and has refused to answer Petitioners very specific questions.  Petitioner also demanded proof from Respondent Mr Cooper to substantiate Respondent Mr Coopers claim.

94). Petitioner requested the fiduciary tax estimate and fiduciary tax return for the alleged loan, a

CRITICAL

full and complete accounting of alleged loan from inception (2017), the name and address of the Holder in Due Course of the original wet-ink note, and requested to know where Petitioners negotiable instrument was applied.

95). In said 'NOTICE and DEMAND to CEASE and DESIST COLLECTION ACTIVITIES PRIOR to VALIDATION of ALLEGED DEBT', Petitioner demanded that Respondent Mr Cooper prove a valid debt was still owed within 30 days per the *Fair Debt Collection Practices Act (FDCPA)* and *15 U.S.C 1692g (4)* (see memorandum).

96). On February 02, 2024 at 11:18 am, Respondent Mr Cooper received and accepted the 'Certificate of Service #8' mailing, as referenced by USPS No. 7021 1970 0000 2071 7499, *(exhibit 8-10)*.

97). The notary witness received no response from said 'NOTICE and DEMAND to CEASE and DESIST COLLECTION ACTIVITIES PRIOR to VALIDATION of ALLEGED DEBT'.

98). On February 03, 2024 Petitioner received  presentment #8A, dated 01/11/2024, in a different amount of Four Hundred Forty One Thousand, Four Hundred Twenty One and 84/100, ($441,421.84), *(exhibit 8A-2)*.

99). On February 05, 2024, Petitioner indorsed and stamped presentment #8A 'Accepted for Assessed Value' *(exhibit 8A-2)* and requested the notary witness return presentment for closure/ settlement/discharge as referenced by notary witness 'Certificate of Service #8A' *(exhibit 8A-1)* and USPS No. 7020 3160 0001 7019 6737, *(exhibit 8A-3)*.

100). On March 18, 2024 at 11:25 am Respondent Mr Cooper received and accepted the 'Certificate of Service #8A' *(exhibit 8A-1)* mailing, as referenced by USPS No. 7020 3160 0001 7019 6737, *(exhibit 8A-3)*.

101). On February 22, 2024, Petitioner received  presentment #9A and #9B, dated 02/14/2024, in a different amount of Four Hundred Forty Three Thousand, Three Hundred Sixty Seven and 56/100, ($443,367.56), *(exhibit 9-2, 9-3)*.

102). On February 23, 2024, Petitioner indorsed and stamped presentment #9A and 9B 'Accepted for Assessed Value' *(exhibit 9-2, 9-3)* and requested the notary witness return presentments for settlement/closure/discharge as referenced by notary witness 'Certificate of Service #9' *(exhibit*

1   *9-1)* and USPS No. 7020 3160 0001 7019 6812, *(exhibit 9-4).*

2   103). On February 29, 2024 at 10:46 a.m. Respondent Mr Cooper received and accepted

3   'Certificate of Service #9' *(exhibit 9-4)* mailing as referenced by USPS 7020 3160 0001 7015

4   6812 *(exhibit 9-4).*

5   104). On March 18, 2024, Petitioner received  presentment #10, dated March 12, 2024, in a

6   different amount of Four Hundred Forty Four Thousand, Six Hundred Sixty Eight and 95/100,

7   ($444,668.95), *(exhibit 10-2).*

8   105). On March 19, 2024, Petitioner indorsed and stamped presentment #10 'Accepted for

9   Assessed Value' *(exhibit 10-2)* and requested the notary witness return presentment for closure/

10  settlement/discharge as referenced by notary witness 'Certificate of Service #10' *(exhibit 10-1)*

11  and USPS No. 7020 3160 0001 7019 6744, *(exhibit 10-3).*

12  106). On March 25, 2024 at 10:36 a.m. Respondent Mr Cooper received and accepted

13  'Certificate of Service #10' *(exhibit 10-1)* mailing as referenced by USPS 7020 3160 0001 7019

14  6744 *(exhibit 10-3).*

15  107). On March 20, 2024, Petitioner conveyed and recorded said property into an inter vivos

16  private Trust, the Triple Braided Cord Trust (hereinafter 'TBCT') and fired all preceding trustees

17  per *The Garn-St Germain Depository Institutions Act of 1982.*

18  108). On April 03, 2024, Petitioner received  presentment #11, dated 04/03/2024, in a different

19  amount of Four Hundred Forty Six Thousand, Two Hundred Sixteen and 81/100, ($446,216.81),

20  *(exhibit 11-2).*

21  109). On April 04, 2024, Petitioner indorsed and stamped presentment #11 'Accepted for

22  Assessed Value' *(exhibit 11-2)* and requested the notary witness return presentment for closure/

23  settlement/discharge as referenced by notary witness 'Certificate of Service #11' *(exhibit 11-1)*

24  and USPS No. 7020 3160 0001 7019 6799, *(exhibit 11-3).*

25  110). On April 18, 2024 at 10:12 a.m. Respondent Mr Cooper received and accepted 'Certificate

26  of Service #11' *(exhibit 11-1)* mailing as referenced by USPS 7020 3160 0001 7019 6799,

27  *(exhibit 11-3).*

28  111). On April 20, 2024 Petitioner received Presentment #12, dated April 09, 2024, in a different

1  amount of Four Hundred Forty Seven Thousand Five Hundred Sixty One Dollars and 47/100

2  ($447,561.47), *(exhibit 12-2).*

3  112). On April 22, 2024, Petitioner indorsed and stamped presentment #12 'Accepted for

4  Assessed Value' *(exhibit 12-2)* and requested the notary witness return presentment for closure/

5  settlement/discharge as referenced by notary witness 'Certificate of Service #12' *(exhibit 12-1)*

6  and USPS No. 7020 3160 0001 7019 6751, *(exhibit 12-3).*

7  113). From the start of the Private Administrative Procedure on November 01, 2023 to April 26,

8  2024, Respondent Mr Cooper sent a total of 17 presentments for additional compensation in the

9  span of six (6) months or 25 weeks which in the normal course of business, Petitioner should

10 have only received six (6) presentments to equal one presentment per month.  All presentments

11 were 'Accepted for Assessed Value' and returned for closure/discharge/settlement.

12 114). On every presentment/correspondence that Respondent MR COOPER sends it states the

13 following:

> "Mr. Cooper is a brand name for Nationstar Mortgage LLC.  Nationstar Mortgage
> LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper
> is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
>
> Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector.  This is an attempt
> to collect a debt and any information obtained will be used for that purpose.
> However, if you are currently in bankruptcy or have received a discharge in
> bankruptcy, this communication is not an attempt to collect a debt from you
> personally to the extent that it is included in your bankruptcy or has been
> discharged, but is provided for informational purposes only.
>
> ***If you are a successor in interest (received the property from a relative through
> death, devise, or divorce, and  you are not a borrower on  the  loan) that has not
> assumed,  or otherwise  become obligated on the debt, this communication is for
> informational  purposes  only  and  is  not  an attempt to collect a debt from you
> personally.***" (Emphasis added)

20 115). On March 20, 2024, Petitioner transferred said property into a private inter vivos Trust

21 TRIPLE BRAIDED CORD TRUST per *The Garn-St. Germain Depository Institutions Act of*

22 *1982, (U.S.C. 1701j-3 (d)(8)* (see memorandum), enacted October 15, 1982 as an Act of

23 Congress as referenced by Instrument No. 20240320-0001597 *(exhibit DH1)* and recorded a

24 corrected Grantor Deed on May 02, 2024 as referenced by Instrument No. 20240502-0001227.

25 116).  Petitioner granted said property to TBCT "free of" and not "subject to" any liens or

26 encumbrances and did so with a clean chain of title.

27 117). Per Respondent Mr Coopers own admissions on every correspondence Respondent Mr

28 Cooper sends, "If you are a successor in interest…and you are not a borrower on the loan…this

communication is for informational purposes only and is not an attempt to collect a debt from you personally."

118). As is very easily proven, TBCT was *NOT* a borrower on any loan with Respondent Mr Cooper; therefore Respondent Mr Cooper must explain under what authority was a foreclosure sale executed.

119). By Respondent Mr Coopers own admissions in the Memorandum in Support of Motion to Dismiss, "Plaintiff lacks standing to seek to set aside the foreclosure sale because she did not own the Property in her individual capacity at the time of the sale, the Trust did. She did not suffer any personal injury by the foreclosure, the Trust did." On what authority then do the Respondents infer the foreclosure action when TBCT was not under any agreements with Respondents?

120). Since Petitioner conveyed the property with an unclouded title to TBCT, Petitioner therefore has standing to restore said property to its unclouded state prior to Respondents unlawful and unconscionable actions, hence this Quiet Title civil action.

### Respondent No. 2 and No.3 - MTC FINANCIAL and TRUSTEE CORPS

121). Petitioner alleges and proves that despite being 100% fully compensated, Respondent Mr Cooper hired a third party, Respondents MTC d/b/a Trustee Corps to conduct an unlawful foreclosure sale of said property.

122). Petitioner alleges and proves on April 06, 2024, TBCT mailed a CEASE and DESIST NOTICE to Respondents MTC and Trustee Corps via the notary witness/court officer as referenced by the 'Certificate of Service - Cease and Desist Order' (*exhibit CD 1*) informing Respondents MTC and Trustee Corps that TBCT was the successor in interest and the current legal owner of said property and TBCT had taken lawful title "free of" and not "subject to" any liens or encumbrances, *(exhibits CD 1a, CD 1b).*

123). Petitioner alleges and proves that Respondent MTC accepted and received said CEASE and DESIST NOTICE on April 12, 2024 at 9:56 am, *(exhibit CD 2).*

124). Petitioner alleges and proves that Respondent Trustee Corps accepted and received said CEASE and DESIST NOTICE on April 17, 2024 at 11:47 am *(exhibit CD 3)*

125). Petitioner alleges and proves that on May 10, 2024, Respondent MTC and Respondent Trustee Corp unlawfully auctioned said property in which no security interest had been proven/recorded in the public records and after alleged debt had been fully satisfied and after Petitioner no longer owned said property.

### III. RECAP/SUMMARY

126). A stipulation has been reached between the parties as referenced by all the evidence

127). This action is *res judicata* as all the evidence shows

128). Petitioner has established *judgment in estoppel against* Respondent Mr Cooper

129). Respondent Mr Cooper "said nothing" throughout the entire private administrative process and therefore forfeits the right to argue or say anything now

130). Petitioner requires enforcement from this Honorable Equity Court

131). Petitioner fully satisfied/discharged alleged debt

132). Respondent Mr Cooper did *NOT* return said negotiable instrument

133). Respondent Mr Cooper converted Petitioners negotiable instrument

134). Respondent Mr Cooper did *NOT* give Value for Consideration

135). Respondent Mr Cooper did *NOT* respond to Petitioner's request for a full accounting of where said negotiable instrument was applied

136). Respondent Mr Cooper violated the Fair Debt Collection Practices Act (FDCPA) by continuing collection activities after Petitioner made full compensation and after Petitioner disputed alleged debt in writing

137). Respondents unlawfully held a foreclosure sale on a property no longer owned by Petitioner after receiving full compensation for alleged debt.

138). Respondents Mr Cooper, MTC, and Trustee Corps ignored the change of ownership of said property

139). Respondents Mr Cooper, MTC, and Trustee Corps have *NEVER* illustrated any standing in the public records to collect on a security interest in said property

140). The damage Petitioner has received from *ALL* Respondent(s) is incalculable

141). Respondent Mr Cooper has Confessed Judgment to all facts stated herein

1    **RESPONDENT MR COOPER IS IN DEFAULT:** For Respondent Mr Cooper's

2    failure to honor the Presentment Contract/'Notice of Acceptance' and 'Notice and Affect of

3    Failure to Respond', places Respondent Mr Cooper in ***default***. For the course of dealing, set

4    forth herein, with Respondent Mr Coopers failure, refusal, or neglect in the presentment of a

5    verified response to the 'Presentment/Notice of Acceptance' and 'Notice and Affect of Failure to

6    Respond', constitutes Respondent Mr Cooper's failure to perform in good faith and Respondent

7    Mr Cooper's acquiescence and tacit agreement with all terms, conditions, and stipulations set

8    forth within the 'Notice of Certificate of Non-Response'/un-rebutted 'Affidavits' (Consent to

9    Nihil Dicit Judgment), the 'Notice of Acceptance', and the 'Notice and Affect of Failure to

10    Respond'. Therefore, this matter is deemed non-appealable, *res judicata*, *stare decisis*, and

11    *judgment in estoppel*.

12    Failure or refusal by Respondent Mr Cooper to apply said compensation to Petitioner's

13    alleged account with a zero balance receipt and release Petitioner from an alleged contract or to

14    provide requested 'Adequate Assurance of Due Performance/Debt Validation Request' and

15    'Demand to Cease and Desist Collection Activities Prior to Validation of Alleged Debt'

16    constitutes **DISHONOR** and **DEFAULT** and **UNCLEAN HANDS** by admitting to collecting

17    on an unverified, unattested to, and unsigned debt which was completely satisfied and discharged.

18    Respondent Mr Cooper has admitted that its refusal/negligence to answer said demands for debt

19    validation/verification ended all contracts/agreements.

20    Respondent Mr Cooper further agreed that Respondent Mr Cooper's failure to respond

21    per the Fair Debt Collection Practices Act "will be construed as your absolute waiver of any and

22    all claims against me and your tacit agreement to compensate me for costs and fees".

23    Respondent Mr Cooper has consented to any/all of the necessary steps required by

24    Petitioner to secure Petitioners claim to the debt owed by Respondent Mr Cooper including the

25    execution of any lawful lien, issuance of writs, and all other lawful means of collection, to secure

26    collateral and Respondent also agrees per implied contract to signature(s) by accommodation,

27    per the UCC and that Petitioner may take "*all* necessary steps to secure its claim to the debt

28    owed to Petitioner and to collect".

1    Both parties have consented to this Court's jurisdiction over this matter and have also

2    consented to the entry of the *Nihil Dicit Judgment/Summary Judgment*, by submission, without

3    the necessity of a hearing and without further notice or delay of the same.

### IV. REMEDY/RELIEF

5    142).    Respondent Mr Cooper confesses/admits to each  unrebutted fact within the Petitioners

6    Affidavit and 'Notice of Acceptance', 'Notice and Affect of Failure to Respond' and the notary

7    protest, 'Certificate of Non-Response'.

8    143). Per Rule 56 of the Federal Rules of Civil Procedure, Petitioner has and does prove that

9    there is no genuine dispute as to any material fact and Petitioner is entitled to enforcement of the

10    confessed judgment that has already been rendered as a matter of law; (See detailed

11    Memorandum)

12    144). Petitioner requires remedy/enforcement and judicial review of Petitioner's private

13    administrative process

14    145). Petitioner requests this Equitable Court to find the facts and execute on the law of the

15    contract

16    146). Petitioner's remedy can be ascertained in the following ways:

17    **Remedy Enforcement Required from Respondent No. 1 - Mr Cooper:**

18    a). The court  order enforcement on the summary/confessed judgment that's already been

19    rendered by the court officer/notary public and agreed to by the parties on behalf of Petitioner

20    and against Respondent Mr Cooper for the full face value of the negotiable instrument as

21    Respondent Mr Cooper retained the negotiable instrument and  continued making collection

22    efforts/hired third parties to unlawfully foreclose on said property which makes Respondent

23    Mr Cooper liable for the full face value of the negotiable instrument in the amount of Four

24    Hundred Thirty Thousand,  Six Hundred Eighty One Dollars and 29/100 USD ($430,681.29).

25    Respondent Mr Cooper has stipulated that it's failure to ledger Petitioner's tender offer to the

26    account within 30 days that it has converted Petitioner's negotiable instrument and by the act of

27    conversion is a clear violation of Petitioner's substantive due process rights which makes

28    Respondent Mr Cooper  liable  for  the  full face value of the negotiable instrument...*AND*

- 19 -

**Bill in Equity Motion in Support of Claim for Quiet Title and Request for Judicial Review
of Administrative Process and Request for Summary Judgment**

b). The court order enforcement on the summary/confessed judgment that's already been

rendered by the court officer/notary public and agreed to by the parties on behalf of Petitioner

and against Respondent Mr Cooper in the amount of Five Hundred Thousand Dollars

($500,000.00 USD)/ per each presentment sent to Petitioner after alleged debt was fully satisfied

per the Fair Debt Collection Practices Act (FDCPA). Respondent Mr Cooper sent seventeen

(17) presentments for additional compensation in the span of six (6) months or 25 weeks which

in the normal course of business, Petitioner should have only received six (6) presentments

to equal one presentment per month. All presentments were 'Accepted for Assessed Value' and

returned for closure/discharge/settlement. Respondent Mr Cooper was informed of and accepted

the fee in the first mailing if Respondent Mr Cooper continued making collection efforts.

Respondent Mr Cooper has agreed to accept the judgment of Eight Million, Five Hundred

Thousand Dollars, ($8,500,000.00). Petitioner certifies that Respondent Mr Cooper has agreed

to the notarial protest judgment by Respondent Mr Coopers silence/non-responsiveness

throughout the 15 Certified mailings. Respondent Mr Cooper purports by Respondent Mr

Cooper's action/in-action that Respondent Mr Cooper is entitled to compensation ***and*** a security

interest in private real property and have never exchanged Value for Consideration…*AND*

c). The court enforce the confession of judgment/summary judgment which has already been

stipulated to and rendered by the court officer/notary public for specific performance on behalf

of Petitioner and against Respondent requiring Respondent to restore said property to its

unclouded state as it was before an unlawful Trustees Deed was issued on said property located

at 8157 Lennox View Lane, Las Vegas, Nevada 89113, APN 163-33-712-033, including

miscellaneous recordings of third parties that Respondent hired to unlawfully sell said property.

and a filing in the Clark County recorder's office reflecting the same which Respondent has

already agreed to through the confessed judgment by "saying nothing" and the complete and

thorough administrative process.

**Remedy Enforcement Required from Respondent No. 2 and 3 - MTC d/b/a Trustee Corp:**

d). The court order/enforce summary judgment on behalf of Petitioner and against Respondents

MTC and Trustee Corps in the sum total of One Million, Five Hundred Thirty Six Thousand

- 20 -

1   Dollars ($1,536,000.00) which is triple damages of the sale price of said property. Respondents

2   MTC/Trustee Corps issued a fraudulent Trustees Deed with Petitioners name as the Grantor

3   when Petitioner was not the legal owner of said property and legally had no authority to transfer

4   said property to another. Respondents MTC/Trustee Corps caused property to be sold at an

5   unlawful foreclosure auction for Five Hundred Twelve Thousand Dollars ($512,000.00) with

6   full knowledge Petitioner was not the legal owner.

7   e). The court order/enforce specific performance on behalf of Petitioner and against Respondent

8   MTC and Trustee Corps by requiring the chain of title to be restored to its unclouded state prior

9   to Respondents issuing a fraudulent Trustees Deed naming Petitioner as the fraudulent legal

10  Grantor of said property.

### V. CONCLUSION

11

12      This **FINAL EXPRESSION IN A RECORD** is the intent by agreement of the parties as

13  a complete and exclusive statement of the terms of the binding *Nihil Dicit Judgment* between the

14  parties.

15      **RECORD OF NIHIL DICIT JUDGMENT:** "He said nothing"…and therefore; The

16  parties consent.

17      WHEREFORE, Petitioner requests the court will enter an order enforcing remedy on

18  the aforementioned *res judicata* facts and enforcing Petitioner's claim for confessed/summary

19  judgment/specific performance by ordering/enforcing *ALL* of the above options for remedy and

20  by granting further relief as the court may deem reasonable under the circumstances.

### VI. CERTIFICATION

21

22  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my belief,

23  knowledge, and information that this complaint:

24  1). is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or

25  needlessly increase the cost of litigation;

26  2). is supported by existing law or by a non-frivolous argument for extending, modifying, or

27  reversing existing law;

28  3). the factual contentions have evidentiary support

1    4). the complaint otherwise complies with the requirements of Rule 11.

2

3

4

5

6

7    Dated:  July 15, 2024                                    By: _____

8                                                                 Charlyn-Sue: Greene,
                                                                  All rights reserved, without recourse
9                                                                 c/o P.O. Box 275
                                                                  Napoleon, ND 58561
10                                                                (702)491-4800
                                                                  csgreene@protonmail.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28           *"Truth is expressed in the form of an affidavit"*

- 22 -

**Bill in Equity Motion in Support of Claim for Quiet Title and Request for Judicial Review
of Administrative Process and Request for Summary Judgment**