Charlyn Sue Greene
c/o P.O.Box 275
Napoleon, North Dakota [58561]
csgreene@protonmail.com
(702)491-4800

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE ©™,<br>Petitioner<br><br>v<br><br>NATIONSTAR MORTGAGE LLC d/b/a<br>MR COOPER, *et.al.*,<br>MTC FINANCIAL, INC. d/b/a TRUSTEE<br>CORPS, *et.al.*, TRUSTEE CORPS., *et.al*,<br>And all persons unknown, claiming any<br>legal or equitable right, title, estate, lien, or<br>interest in the property described in the<br>claim adverse to Petitioner's title, or any<br>cloud upon Petitioner's title thereto.<br>Doe's 1 through 25,<br><br>Respondent (s) | OPPOSITION TO NATIONSTAR<br>MORTGAGE, LLC d/b/a MR. COOPER<br>AND MTC FINANCIAL INC.<br>d/b/a TRUSTEE CORPS<br>MOTION TO DISMISS AND<br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS(ECF NO. 11, 17,<br>18, 23, 24)<br><br>Civil Action No. 1:24-cv-87<br><br>JURY TRIAL DEMANDED - NO |

**OPPOSITION TO NATIONSTAR MORTGAGE, LLC d/b/a MR COOPER AND**

**MTC FINANCIAL INC. d/b/a TRUSTEE CORPS MOTION TO**

**DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Petitioner files this Opposition to Respondents Motion to Dismiss and Memorandum in Support of Motion to Dismiss and proves that the venue/jurisdiction is proper for the following reasons:

1). Civil Action No. 1:24-cv-87 has already been adjudicated via the private administrative process pursuant to the *Administrative Procedures Act, Public Law 404-79th Congress, Chapter 324-2D Session, S. 7,* see attached and fully incorporated herein; and, the only duty of this Honorable Court is to review the Private Administrative Procedures already completed and to

- 1 -

provide enforcement of the Default Judgment rendered; and

2). Respondent Mr Cooper has already been given all due process in private court proceedings; and Respondent "said nothing", and Respondent Mr Cooper's responses were non-responsive in nature; therefore; there remains no controversy in this matter as Respondent Mr Cooper has tacitly agreed with Petitioner in all matters; and,

3). Civil Action No. 1:24-cv-87 is a matter of Nihil Dicit, Respondent Mr Cooper "said nothing" and the time to do so has long past; Respondent Mr Cooper's Motion to Dismiss is untimely as Respondent Mr Cooper has already tacitly agreed to all points throughout the administrative process; and,

4). Civil Action No. 1:24-cv-87 is an action for review of the private administrative process and enforcement thereof; and,

5). The administrative process, upon which a Default Judgment was issued by an officer of the court, was regarding a Breach of Contract and the process transpired between Petitioner in North Dakota and Respondent Mr Cooper in Texas; and,

6). Petitioner is neither a resident of Texas nor a resident of Nevada and Respondent has failed to provide any proof otherwise and Civil Action No. 1:24-cv-87 is not a "*Res*" action, therefore, Respondent's attempt to expand the scope of this case to include property location is moot; and,

7). Petitioner's charging instrument states residency, which happens to be rural in nature, as a fact and the Court must construe it as true until such time that it is proven to not be true; and, the year is currently 2024 not 1980 when persons had to change their phone numbers when they moved because only land lines existed; and,

"*Equity acts in personam and not in rem*"

8). Respondent is attempting to shop venue/jurisdiction; and,

9). Jurisdiction is proper because Petitioner is a resident of North Dakota AND Petitioner has GRANTED jurisdiction to this Honorable Court. A change of venue is useless as Petitioner is not a resident anywhere BUT North Dakota and venue is determined by location of persons; and

10). Respondent Mr Cooper never objected to Petitioner's state of residence throughout the complete administrative process and the time to do so has long past; and,

- 2 -

**Opposition to Motion to Dismiss and Memorandum in Support of Motion to Dismiss by Respondents for Bill in Equity Claim and Summary of Detailed Motion in Support of Petition For Quiet Title and Request for Judicial Review of Administrative Process and Request for Summary Judgment**

11). Respondent has proven that venue is proper. Under 28 USC §1391 (b) (2) a civil action may be brought…<u>in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred;</u> and,

*"All are equal under the law"*

12). Petitioner was clear in Petitioners Claim that this is an action for Breach of Contract perpetrated by Respondent Mr Cooper who breached Respondent Mr Coopers agreement/ fiduciary duty to Petitioner and foreclosed on Petitioners real property in Nevada **AFTER** having received full and complete compensation for alleged debt; and,

13). The foreclosure of the property located in Nevada was a separate event that occurred **AFTER** Respondent Mr Cooper's Breach of Contract with Petitioner that was created by the complete and thorough private administrative process; and,

14). Conversely, even if venue was improper, Respondents are subject to this courts jurisdiction/ venue as the entire Breach of Contract action transpired between North Dakota and Texas as all the evidence shows. The Eighth Circuit noted in *Maybelline Co v Noxell Corp 813 F. 2d 901, 903-05*, "A defendant may be subject to personal jurisdiction in a venue that is nonetheless improper because a substantial part of the events or omissions giving rise to the claim did not occur in that district"; and,

15). Respondent Mr Cooper made a free and calculated choice to ignore process throughout the administrative procedure process until it appeared Respondent Mr Cooper was actually in jeopardy of losing Respondent Mr Cooper's property; and,

16). Additionally, Petitioner is peripherally aware of a case in Nevada between Julie Embry, Trustee of Triple Braided Cord Trust and Nationstar Mortgage, *et. al.,* Civil Action 2:24-cv-00841-JAD-BNW; HOWEVER, Petitioner is neither Julie Embry nor Triple Braided Cord Trust nor does Petitioner represent them; and,

17.) Respondent's Motion to Dismiss and Memorandum in Support of Motion to Dismiss applies a shotgun effect in their motion hoping something will stick. Respondent refers to a foreclosure that took place <u>after</u> the Private Administrative/Notarial Process was completed. The scope of this action is for review of the Private Administrative/Notarial Protest Process and enforcement

thereof. New "events" are irrelevant in this case and will be dealt with at another time privately. At the time of the Private Administrative/Notarial Protest Process Petitioner owned the property and had every right to grant it to a Trust pursuant to the *Garn-St Germain Depository Institutions Act of 1982*. The alleged foreclosure has not accomplished any form or type of legal ownership outside of the Trust. This event merely clouded the title and the owner of the property, Triple Braided Cord Trust, is in the process of clearing the clouded title; and,

18). At the time Petitioner conveyed the property to Triple Braided Cord Trust, the title was unclouded and Petitioner has every right to restore the title to its previously unclouded state as it was prior to an unlawful Trustees Deed being recorded against said property using Petitioner's name unlawfully as the Grantor of said property; and,

19). Respondent claims in Respondents Memorandum that "Petitioner lacks standing to seek to set aside the foreclosure sale because she did not own the Property in her individual capacity at the time of the sale, the Trust did" which is a clear admission that the property was unlawfully foreclosed on as the Trust did not have any agreements/Deed of Trusts with Respondents; and,

20.) Petitioner generally objects to all allegations made in Respondent's Motion to Dismiss and Memorandum in Support of Motion to Dismiss due to the fact that it is all hearsay, gibberish and nonsense and supported by zero evidence; and,

21). Since Petitioner did not own the property at the time of the alleged foreclosure sale, how then was it lawful for Respondents to add Petitioners name (aka private property) as the Grantor to Respondents unlawful Trustees Deed conveying the property to another?; and,

22). Respondents have admitted that the alleged foreclosure sale was unlawful in Respondents Memorandum in Support of Motion to Dismiss; and,

23.) Respondent has exhausted Respondents due process in the Private Administrative/Notarial Protest Process by saying nothing or answering non-responsively and the time for Respondent's arguments has long passed. Respondent said nothing then and has no right to say anything now; and,

24). Only Petitioner has first hand knowledge as to the details/truth of this action; and,

25). For this Honorable Court to entertain Respondents non-sensical gibberish ramblings,

Respondents must first submit a signed Affidavit under the pains and penalties of perjury as to Respondents first hand knowledge as to the truthful events surrounding this civil action; absent an Affidavit, everything Respondents say is hearsay and inadmissible by its very nature; and,

26). Petitioner is merely seeking to be restored to Petitioners un-damaged self prior to being harmed by Respondents Breach of Contract which transpired between November 01, 2023 and November 27, 2023 between North Dakota and Texas and Respondents unconscionable actions thereafter.

27). **There are no facts in controversy as Respondents are in Default.**

Dated: July 15, 2024                    By: _____
                                        Charlyn Greene, Pro Se
                                        All rights reserved, without recourse
                                        c/o P. O. Box 275
                                        Napoleon, North Dakota [58561]
                                        (702)491-4800
                                        csgreene@protonmail.com

*"An unrebutted affidavit becomes the judgment in commerce"*