**TROUTMAN PEPPER
HAMILTON SANDERS LLP**
Justin D. Balser
justin.balser@troutman.com
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone:     949.622.2700
Facsimile:     949.622.2739

*Attorneys for Defendant
Nationstar Mortgage LLC d/b/a Mr. Cooper*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE,<br><br>                     Petition,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, et al., MTC FINANCIAL, INC., d/b/a TRUSTEE CORPS, et al., TRUSTEE CORPS., et al., and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the claim adverse to Petitioner's title, or any cloud upon Petitioner's title thereto.  Doe's 1 through 25,<br><br>                     Respondent(s). | Case No.:     1:24-CV-00087-CRH<br><br>**REPLY MEMORANDUM IN SUPPORT OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 5) PURSUANT TO FRCP 12(b)(1) OR, IN THE ALTERNATIVE, PURSUANT TO FRCP 12(b)(3) OR FRCP 12(b)(6)** |

Nationstar Mortgage LLC hereby responds to Plaintiff Charlyn Greene's opposition to Nationstar's motion to dismiss, which she filed twice. ECF Nos. 30, 31.

## INTRODUCTION

Not only does Plaintiff's opposition fail to address any of the arguments in Nationstar's Motion to Dismiss, the opposition (along with Plaintiff's recently filed Motion for Summary Judgement) confirms that the entirety of Plaintiff's FAC is based on a bogus sovereign citizen scheme commonly referred to as "redemption theory" that has no basis in law and has been

resoundingly rejected by federal courts across the country. The opposition, therefore, confirms this Court lacks subject matter jurisdiction over this Nevada local action, venue otherwise inappropriate in North Dakota, Plaintiff lacks standing to bring claims on behalf of the Trust that owned the Property at the time of foreclosure, and the core theory of Plaintiff's FAC is meritless.

## ARGUMENT

### I. Plaintiff's Reference to a "Private Administrative Process" Exposes the FAC as a Scheme

Instead of addressing Nationstar's arguments, Plaintiff spends most of her opposition arguing this case has already been litigated via a "private administrative process" wherein Plaintiff obtained a default judgment against Nationstar that this Court must now enforce. *See*, ECF No. 30, ¶¶ 1-5. Plaintiff does not explain what she means by a private administrative process or provide any legal basis for engaging in such a process except to generally cite the Administrative Procedures Act (the "APA"). *Id.* at ¶ 1. It appears from her contemporaneous Motion for Summary Judgment that her administrative process constitutes mailing several letters to Nationstar. *See*, ECF No. 28, ¶ 113. Of course, nothing in the APA (which generally governs the process by which federal agencies develop and issue regulations, *see* 5 USC §551 *et seq.*) or any other statute grants private citizens the ability to conduct or enforce any such process, and this Court certainly is not bound by any such process. Plaintiff's argument must be disregarded as frivolous.

Noteworthy is the use of this so-called private administrative process is a hallmark of the bogus schemes at the heart of Plaintiff's Complaint. Plaintiff confirmed in her Motion for Summary Judgment that its claim to have paid off the mortgage loan is based on a popular scheme within the sovereign citizen movement called "redemption theory". Under the scheme, parties send lenders worthless letters directing them to seek payment for the full amount of a loan from the U.S. Treasury Department and then claim to have paid off the loan. *See*, *e.g.*, *Bryant v. Washington Mut. Bank,* 524 F.Supp.2d 753, 759 (W.D. Va. 2007), *aff'd* 282 Fed.Appx. 260 (4th Cir. 2008) (summarizing and rejecting the redemption theory scheme).[1] It is common for such parties to argue

---

[1] Nationstar will discuss these schemes in more detail in its opposition to the Motion for Summary Judgment.

they have already litigated their claims via a "private administrative process" just as Plaintiff is doing now. *See*, *e.g.*, *McCullough v. U.S.*, No. CIV-23-644-SLP, 2024 WL 2710484, at *3 (W.D. Okla. Feb. 1, 2024) *Bey v. Bray*, No. 4:22-CV-933-SDJ-KPJ, 2023 WL 5987393, at *5 (E.D. Tex. Aug. 1, 2023); *Berry v. City of St. Louis*, No. 4:21-CV-685 RLW, 2021 WL 4191612, at *3 (E.D. Mo. Sept. 15, 2021); *Vann v. Wells Fargo Bank*, No. C 12-1181 PJH, 2012 WL 1910032, at *19 (N.D. Cal. May 24, 2012)0 *Fed. Home Loan Mortg. Corp. v. Crittenden*, No. 2:11-CV-729-MHT, 2012 WL 3023264, at *9 (M.D. Ala. June 14, 2012); *U.S. v. Palmer*, No. C-08-5249-FDB, 2008 WL 4725413, at *1 (W.D. Wash. Oct. 24, 2008). Courts have unanimously refused to acknowledge such processes. Nationstar discusses Plaintiff's reliance on redemption theory in greater detail in its opposition to Plaintiff's Motion for Summary Judgment because the discussion requires the Court to look beyond the pleadings. However, at the Motion to Dismiss stage the Court should disregard Plaintiff's arguments regarding the private process, and it should approach the allegations in the FAC with extreme skepticism.

**II.     Plaintiff Fails to Address Nationstar's Subject Matter Jurisdiction Arguments**

Nationstar argued this Court lacks subject matter jurisdiction over this case under the local action doctrine because Plaintiff primarily seeks an order unwinding a foreclosure sale of Property located in Nevada. Plaintiff does not deny or address this argument in any meaningful way and does not attempt to argue this is not a local action. While she nakedly states without argument that this is not a "*Res*" action, *See* ECF No. 30, ¶ 6, she then confirms that the purpose of this litigation is to quiet title of the Nevada Property for the Trust. *See Id.* at ¶ 18 ("[Plaintiff] has every right to restore the title to its previously unclouded state"). She also confirms in her Motion for Summary Judgment she is seeking to quiet title to the Nevada Property. ECF No. 28, p. 21.

The closest Plaintiff comes to addressing the question of jurisdiction is to argue, "[j]urisdiction is proper because [Plaintiff] is a resident of North Dakota," and Nationstar has not provided "any proof" she is a resident of Nevada. ECF No. 30, ¶¶ 6, 8. This argument is a *non sequitur*. Plaintiff's citizenship is completely irrelevant to the Court's jurisdictional analysis under the local action doctrine. The Court must only consider whether this action constitutes an *in rem*

or quasi *in rem* action dealing with the disposition of real property in another state to determine if it lacks jurisdiction. *See Casey v. Adams*, 102 U.S. 66, 68 (1880); *Eldee-K Rental Properties, LLC v. DIRECTV, Inc.*, 748 F.3d 943, 947 (9th Cir. 2014); *Bigio v. Coca–Cola Co.*, 239 F.3d 440, 443 (2nd Cir.2000); *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir.1987). The plaintiff's citizenship plays no role in the analysis. Since this case indisputably seeks to quiet title to Nevada Property, the Court must dismiss the action for lack of subject matter jurisdiction.

**III.     Plaintiff Does Not Meet the Burden of Showing North Dakota to be a Proper Venue**

Plaintiff argues venue is proper in North Dakota because that is where a substantial part of the events giving rise to her claims occurred. *See*, ECF No. 30, ¶ 11. She does not, however, describe what any of those events are. The only hint she gives is to state the so-called "private administrative process" transpired between Plaintiff in North Dakota and Nationstar in Texas, *Id.* at ¶ 5. Since it appears from Plaintiff's Motion for Summary Judgment that this administrative process constituted sending letters to Nationstar, *see*, ECF No. 28, ¶ 113, Plaintiff appears to believe venue is proper in North Dakota because she sent those letters from North Dakota. Such events are not sufficient to establish venue.

Plaintiff presents no evidence nor does she offer any reason why any of the correspondence she sent actually gave rise to her claims. But even if the correspondence had given rise to the claims, the connection to North Dakota remains unsubstantial because Plaintiff is the only party that acted in North Dakota. "[I]n deciding whether a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, **the Court must focus only on Defendants' alleged wrongful activity**." *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014). The Court should not focus on the activities of the Plaintiff. *Id.* Therefore, Plaintiff's actions play no role in establishing venue, and the Court should dismiss the FAC on that basis.

**IV.     Plaintiff Fails to Address the Viability of Her Claims on the Merits**

Nationstar also moved to dismiss Plaintiff's FAC for failing to state a claim for relief under FRCP 12(b)(6) arguing 1) Plaintiff does not base her claims for damages on a viable theory, 2) Plaintiff's declaratory relief claim is not viable for lack of controversy, and 3) Plaintiff lacks

standing to bring her quiet title claim. In her opposition, Plaintiff does not address the first two arguments at all, and she practically admits she does not have standing to bring the quiet title claim. *See generally* ECF No. 30. She makes it clear that she "did not own the property at the time of the alleged foreclosure sale" she now seeks to unwind, the Trust did. *Id.* at ¶ 21. She further claims she does not represent the Trust. *Id.* at ¶ 17. These allegations operate as an admission of a lack of standing. The Court may grant the motion to dismiss for failure to state a claim as unopposed.

## CONCLUSION

Because Plaintiff brings an *in rem* local action seeking to establish title of real property located in Nevada, this Court lacks subject matter jurisdiction and must dismiss the action. In the alternative, venue is improper in North Dakota. Finally, Plaintiff only asserts one possibly viable claim for relief, and only the Trust has standing to assert that claim. The Court should, therefore, dismiss the FAC for failing to state a claim for relief.

Dated this 30th day of July 2024.

                                             TROUTMAN PEPPER
                                             HAMILTON SANDERS LLP

                                             */s/ Justin D. Balser*
                                             Justin D. Balser
                                             5 Park Plaza, Suite 1400
                                             Irvine, California 92614
                                             Telephone: 949.622.2700
                                             Email: justin.balser@troutman.com

                                             *Attorneys for Defendant*
                                             *Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July 2024 I caused to be served a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 5) PURSUANT TO FRCP 12(b)(1) OR, IN THE ALTERNATIVE, PURSUANT TO FRCP 12(b)(3) OR FRCP 12(b)(6)** in the following manner:

☐ **(ELECTRONIC SERVICE)** Document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List as follows: N/A

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, to the parties listed below at their last-known mailing addresses, on the date above written:

> Charlyn Greene
> P.O. Box 275
> Napoleon, ND 58561

☐ (**PERSONAL SERVICE**) By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below: N/A

☐ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below: N/A

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

> */s/ Carla Llarena*
> An employee of
> Troutman Pepper Hamilton Sanders LLP