Tyler Wirick, NDBA #10014
Jason Tingle, NDBA #09918
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Tel: 801-355-2886
Email: jtingle@hwmlawfirm.com; tylerw@hwmlawfirm.com

Attorneys for: Defendants Nationstar Mortgage, LLC d/b/a Mr. Cooper and MTC
Financial, Inc. d/b/a Trustee Corp.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charlyn Greene<br><br>**Plaintiff,**<br><br>**v.**<br><br>Nationstar Mortgage, LLC d/b/a Mr. Cooper, MTC Financial, Inc. d/b/a Trustee Corp, and all persons unknown claiming any legal or equitable right, title estate, lien, or interest in the property described in the claim adverse to Petitioner's title, or any cloud upon Petitioner's title thereto. Doe's 1 through 25,<br><br>**Defendants.** | **CASE NO.** 1:24-cv-00087-CRH<br><br>**BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS BY MTC FINANCIAL INC. d/b/a TRUSTEE CORP. AND TRUSTEE CORP.** |

Defendants, MTC Financial Inc. d/b/a Trustee Corp. and Trustee Corp. (hereinafter "MTC" and "Trustee Corp." respectively), by and through their counsel, Jason Tingle and Tyler Wirick of the law firm Halliday, Watkins & Mann, P.C. hereby submit this Brief in Support of Amended Motion to Dismiss the Bill in Equity Claim and Summary of Detailed Motion in Support of Petition for Quiet Title and Request for Judicial Review of

ND21647

Administrative Process and Request for Summary Judgment (hereinafter "Complaint") filed by Charlyn Greene on the grounds that it fails to state a claim upon which relief can be granted, was filed in the wrong venue and, even had it been filed in the correct venue, would be properly dismissed based on lack of diversity of citizenship.

## I.      INTRODUCTION

Charlyn Greene filed her complaint in this Court based upon her claimed residency in North Dakota, citing diversity of citizenship from all named defendants, and that the amount in controversy exceeded $75,000.00. *See*, Complaint. In her complaint, Greene alleges a breach of contract concerning the foreclosure of real property located at 8517 Lennox View Lane, Las Vegas, NV 89113. *See*, Complaint at ¶¶ 1, 3, 24 and 25.  Greene's complaint also seeks relief in the form of a summary judgment "requiring [Nationstar and MTC] to return said property deed back to the Petitioners . . . to cancel/reverse all clouds on the title of Petitioner's property located at 8517 Lennox View Lane, Las Vegas, Nevada 89113 . . . ."; a summary judgment "for the full face value of the negotiable instrument Respondent retained . . . ."; and a judgment in the amount of $500,000.00 for each alleged violation of the FDCPA for a total of $8,500,000.00. *See*, Complaint at ¶ 31(a)-(c).

## II.      FACTUAL BACKGROUND

1.  As is evident on its face, Greene's Complaint concerns a dispute over real property located in Nevada, not North Dakota.

2.  The basis for the Complaint turns on the underlying foreclosure of property with an address of 8517 Lennox View Lane, Las Vegas, Nevada 89113.

ND21647

3.   In paragraphs 24 and 25 of the Complaint, Greene references the foreclosure of that property which occurred on May 10, 2024.

4.   Greene bases this Court's jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332, and further asserts that venue is proper here based on her alleged North Dakota residency, however, Greene has failed to provide any proof that the property is located in North Dakota, which she clearly cannot provide, or that she is a resident of the State of North Dakota.[1]

5.   However, as will be demonstrated below, venue is not proper in this Court by application of 28 U.S.C. § 1391, and this case is due to be dismissed pursuant 28 U.S.C. § 1406(a) and Rule 12(b)(3) Fed. R. Civ. P., as there is otherwise no proper federal forum pursuant to 28 U.S.C. § 1404(a).

### III.   LEGAL STANDARD

Proper venue is determined according to 28 U.S.C. § 1391 which states that "'[e]xcept as otherwise provided by *law* ... this section *shall* govern the venue of *all civil actions* brought in district courts of the United States.'" Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 55-56 (2013)(emphasis in original)(quoting 28 U.S.C. § 1391(a)(2)). The rule further provides that "'[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants

---

[1] The only North Dakota address provided by Greene is a Post Office Box. In fact, the phone number she lists for herself contains area code (702), Clark County, Nevada, which includes Las Vegas and other surrounding cities.

ND21647

are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" Id.

Once a party challenges venue, "the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Id. at 56. Venue must be decided initially and is described as a "'threshold, nonjurisdictional issue' that involves a determination of whether 'the merits should be adjudicated elsewhere.'" Rare Breed Triggers, LLC v. Garland, 639 F.Supp.3d 903, 906 (D.N.D. 2022) (quoting Chevron U.S.A. Inc. v. Env't Prot. Agency, 45 F4th 380, 385 (D.C. Cir. 2022)). Finally, "[o]ne of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." Id. (quoting, Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995)).

### IV.    ARGUMENT

### A.  Venue is not proper in the District Court of North Dakota

Section 1391 of Title 28 governs the venue of all civil actions brought in the district courts of the United States and specifically provides that "a civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of

ND21647

the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In the present case, Plaintiff's complaint identifies Nationstar Mortgage LLC d/b/a Mr. Cooper as a resident of Texas; MTC Financial, Inc. d/b/a Trustee Corp. as a resident of Nevada; and GKL Registered Agents of NV, Inc. on behalf of Trustee Corp as a California resident. Plaintiff identifies herself as a resident of North Dakota, but only by Post Office Box.  A plain reading of Plaintiff's Complaint indicates that venue is not proper in North Dakota under section 1391(b)(1), (2) or (3).  None of the defendants is a resident of North Dakota and, therefore, venue is not proper under § 1391(b)(1).

Likewise, venue is no property based on the location of the property and the location where the alleged harms occurred. The face of the Complaint, on its face indicates that the dispute concerns the foreclosure of real property located in Las Vegas, Nevada, not North Dakot, and Greene makes no allegations whatsoever that any "events or omissions giving rise to the claim occurred" anywhere other than Nevada. 28 U.S.C. § 1391(b)(2). Likewise, because the allegations of Plaintiff's Complaint establish that the dispute concerns alleged acts and/or omissions concerning real property located in Las Vegas, Nevada, venue may

be proper in a district court in Nevada, not North Dakota. However, for the reasons set out below, this case should be dismissed pursuant to 28 U.S.C. § 1406.

**B. Even if Plaintiff Brought the Case in Nevada, there is Lack of Diversity between the Parties, so the Federal Court Lacks Diversity Jurisdiction.**

Based on the allegations in Plaintiff's Complaint, it would seem that the U.S. District Court District of Nevada would be the appropriate venue based on § 1391(b)(2). However, as noted above, while Plaintiff's dispute concerns the foreclosure of real property located in Las Vegas, Nevada, she bases jurisdiction in this Court on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, Plaintiff's own Complaint destroys any argument Plaintiff has for diversity as the Complaint alleges that MTC is domiciled in Nevada. Plaintiff's own pleading destroys diversity.

As the Eighth Circuit noted in Steen v. Murray, 770 F.3d 698, 701 (8th Cir. 2014) "[t]wo statutes define circumstances when a district court may transfer venue to another federal district. For the convenience of parties and witnesses, a court 'may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented.' 28 U.S.C. § 1404(a). A case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums. By contrast, if a case is brought in a district where venue is improper under § 1391(b), the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Id. citing 28 U.S.C. § 1406(a).  Even if Nevada would otherwise be a proper venue for this matter, because

ND21647

MTC is domiciled in Nevada, diversity would be lacking and the district court there would have no jurisdiction to adjudicate a controversy concerning a matter exclusively concerning state law.  Therefore, pursuant to 28 U.S.C. § 1406(a), there is no other federal district or division in which this matter could have been brought and dismissal is proper.

## V. CONCLUSION

Greene's Complaint should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P. because it fails to state a claim upon which relief can be granted; because venue in the District of North Dakota by application of 28 U.S.C. § 1391 is improper, and there is no other district or division in which this case could have been properly brought.  Greene's Complaint alleges facts concerning a foreclosure of real property located in Las Vegas, Nevada and further alleges that at least one defendant, MTC, is domiciled in Nevada. Therefore, jurisdiction and venue of this matter can only be proper in a Nevada state court.

Dated: September 16, 2024

Halliday, Watkins & Mann, P.C.

/s/*Jason Tingle*
Jason Tingle (NDBA #09918)
Tyler Wirick (NDBA #10014)
376 East 400 South, Suite 300
Salt Lake City, UT 84111
801-355-2886
tylerw@hwmlawfirm.com
jtingle@hwmlawfirm.com
*Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper and MTC Financial, Inc. d/b/a Trustee Corp.*

ND21647

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I HEREBY CERTIFY that on September 16, 2024, I filed the foregoing Brief in

Support of Amended Motion to Dismiss via the CM/ECF filing system.

I FURTHER CERTIFY that on September 16, 2024, I mailed copies of the Brief

in Support of Amended Motion to Dismiss via U.S. Mail, postage pre-paid to the

following:

Charlyn Greene
P.O. Box 275
Napoleon, ND 58561

*/s/ Tyler Wirick*
Tyler Wirick

ND21647