Charlyn Greene
c/o P. O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE©™, <br> Petitioner <br> v <br> NATIONSTAR MORTGAGE LLC d/b/a <br> MR COOPER, *et.al.*, <br><br> And all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the claim adverse to Petitioner's title, or any cloud upon Petitioner's title thereto <br> Doe's 1 through 25, <br> Respondent(s) | PETITIONER'S OPPOSITION MOTION TO DEFENDANT NATIONSTAR MORTGAGE d/b/a MR COOPER'S MOTION FOR ORAL ARGUMENT PURSUANT TO FED. R. CIV. P. 78 (b) AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 (a) (B) (2) (4) (e) (3) AND 12 (c) <br><br> CASE NO.: 1:24-cv-00087-CRH |

Petitioner opposes the motion for oral arguments pursuant to Fed. R. Civ. P. 78 (b) and for the fact that nothing new can be said in oral arguments that weren't mentioned in the foregoing motions and memorandums.

This motion is supported by the memorandum of points and authorities filed simultaneously with this motion and all the other affidavits, motions, memorandums, and exhibits that are currently on the record.

Further, Petitioner is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 (a) (B) (2) (4) (e) (3) and 12 (c).

This motion is fully briefed and ripe for the Courts ruling.

Dated this 29th day of October, 2024

By: /s/Charlyn Greene
Charlyn Greene, Pro Se
c/o P.O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com
All rights reserved, without recourse

Charlyn Greene
c/o P. O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE©™,<br>Petitioner<br>v<br>NATIONSTAR MORTGAGE LLC d/b/a<br>MR COOPER, *et.al.*,<br><br>And all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the claim adverse to Petitioner's title, or any cloud upon Petitioner's title thereto<br>Doe's 1 through 25,<br>Respondent (s) | PETITIONER'S OPPOSITION MEMORANDUM TO DEFENDANT NATIONSTAR MORTGAGE d/b/a MR COOPER'S MOTION FOR ORAL ARGUMENT PURSUANT TO RULE 78 (b) AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV P. 56 (a) (B) (2) (4) (e) (3) AND 12 (c)<br><br>CASE NO.: 1:24-cv-00087-CRH |

Petitioner opposes Respondents motion for oral arguments pursuant to Fed. R. Civ. P. 78 (b) as nothing new can be said orally that isn't mentioned in the pleadings, affidavits, motions, and memorandums.

Respondents motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) must be denied as Petitioner has presented a preponderance of evidence, which if taken as true, indicates that a violation of law has occurred and Petitioner is entitled to remedy as a matter of law. Further, Petitioner has proven "enough facts to state a claim to relief that is plausible on its face."
Blacks Law Dictionary 11th Ed. defines as:

> **Plausible**, *adj.*(16c) 1. Conceivably true or successful; possibly correct or even likely; REASONABLE
> 2. (Of a person) reasonably convincing and seemingly truthful
>
> **Twombly test** (2007) A heightened pleading standard requiring that a plaintiff, in order to survive a motion to dismiss for failure to state a claim on which relief can be granted, must (1) state facts that, if taken as true, make a plausible (rather than conceivable) claim, and (2) not rely solely on conclusions of law, which are not entitled to the same assumption of truth as factual allegations — Also termed *Twombly standard; plausibility test, Bell Atl. Corp no. v Twombly, 550 U.S., 544, 127 S. Ct. 1955 (2007).*

  Respondent has relied solely on a plethora of irrelevant caselaw as the entire basis for a defense and has placed ZERO Facts on the record as to the truthful merits of this action. Using the same standard for Respondent under *Twombly*... "conclusions of law, which are not entitled to the assumption of truth as factual allegations." The only "evidence" Respondent has submitted into the court record is a deed of trust from 2017 which has no basis in this action. This action is not about a deed of trust allegedly signed by Petitioner in 2017 which appears to be a unilateral contract between Petitioner and Petitioner so it is unclear as to the reason it was submitted as "evidence".

See also <u>Guidry v American Pub. Life Insurance Co., 572 F. 3d 177, 180 (5th Cir. 2007), Ashcroft v Iqbal, 556 U. S. 662, 678 (2009)</u>. In <u>Spivey v Robertson, 197 F.3d 772, 774 (5th Cir. 1999)</u>, the Fifth Circuit said... "We accept a plaintiff's factual allegations as true when considering motions to dismiss under Fed.R.Civ.P. 12(b)(6). <u>Buckley v Fitzsimmons, 509 U.S. 259, 261, 113 S. Ct. 2606, 2609, 125 L. Ed.2d 209 (1993); Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir.1995)</u>. Unless such allegations show that the plaintiff has failed to state a claim upon which relief can be granted, this court will not grant a motion to dismiss under 12(b)(6). *Id.* This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts, <u>St. Paul Ins. Co. of Bellaire, Texas v AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991)</u>. *cert. denied,* 502 U.S. 1030 (1992), and will construe all factual allegations in the light most favorable to the plaintiffs, <u>Rubinstein v Collins, 20F.3d 160, 166 (5th Cir. 1994)</u>."

  THEREFORE, Petitioner moves the court to rule on the pleadings pursuant to Fed. R. Civ. P. 12 (c) as the Eleventh Circuit affirmed, "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law," <u>Cannon v City of West Palm Beach, 250 F.3d 1299, 1301 (11th Circuit. 2001)</u>. Petitioner also moves the Court to grant Petitioner's motion for summary judgment as there are no material Facts in dispute and Petitioner is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56 and, Respondent has failed to prove any material Facts are in dispute; in fact, Respondent has failed to even answer the claim point by point under penalty of perjury, and, Petitioner has proven that jurisdiction is proper, venue is proper, subject matter jurisdiction is proper and has produced enough evidence on the record which proves a claim exists upon which relief can (and should) be granted. Further, Petitioner opposes oral arguments as this action is *res judicata, stare decisis,* and *judgment in estoppel,* Petitioner doesn't participate in public arguments, the time for endless hearings, motions, and arguments has long passed, Petitioner will not argue with a third

party interloper who lacks personal first-hand knowledge of the Facts of this action, and nothing new can be said orally that isn't mentioned in the pleadings, motions, and memorandums.

Dated this 29th day of October, 2024.

By: /s/Charlyn Greene
Charlyn Greene, Pro Se
c/o P.O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com
All rights reserved, without recourse