Charlyn Greene
c/o P. O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLYN GREENE©™, ) | |
| Petitioner ) | |
| v ) | |
| NATIONSTAR MORTGAGE LLC d/b/a ) | PETITIONER'S MOTION TO LIFT STAY |
| MR COOPER, *et.al.*, ) | AND COMPEL ENFORCEMENT |
| MTC FINANCIAL, INC. d/b/a TRUSTEE ) | OF ADMINISTRATIVE JUDGMENT |
| CORPS, *et.al.*, TRUSTEE CORPS.,*et.al.*, ) | IN EQUITY |
| ) | |
| And all persons unknown, claiming any ) | |
| legal or equitable right, title, estate, lien, ) | |
| or interest in the property described in the ) | |
| claim adverse to Petitioner's title, or any ) | |
| cloud upon Petitioner's title thereto ) | CASE NO.· 1:24-cv-00087-CRH |
| Doe's 1 through 25, ) | |
| Respondent (s) ) | |
| ) | |

**PETITIONER'S MOTION TO LIFT STAY AND COMPEL ENFORCEMENT OF ADMINISTRATIVE JUDGMENT IN EQUITY**

COMES NOW, Charlyn Greene, Petitioner, a living woman and sole executor of the perfected private record, respectfully moves this Honorable Equity Court to immediately lift the indefinite stay imposed on December 02, 2024, and compel enforcement of the final administrative judgment already obtained by Petitioner. Respondent defaulted through silence and failure to rebut sworn affidavits, thereby perfecting judgment under the established commercial and equity process. The record is sealed. The obligation stands unrebutted. Equity now demands immediate judicial enforcement. Continued delay violates core principles of Equity, due process, contract law, and commercial law. This Court must not dispense partial justice or perpetrate delay, but must enforce fully and immediately the administrative judgment to which Petitioner is lawfully entitled.

*"Equity delights to do justice and not by halves."*

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed. Equity requires no further delay.

1 of 8

Petitioner fully recognizes this Court's knowledge of the law. However, in this adversarial forum, Petitioner must still present the law in full to preserve the record and eliminate any further claim of ambiguity. This motion is therefore not a tutorial, but a demand — a precise and documented reminder of this Court's equitable obligations. Petitioner has done the work. The facts are settled. The law is clear. In Equity, further inaction is not discretion — it is failure. Petitioner further objects to this Court's reframing of Petitioner's original filing as a "Complaint." The document captioned "Bill in Equity Claim and Summary of Detailed Motion in Support of Petition for Quiet Title and Request for Judicial Review of Administrative Process and Request for Summary Judgment" was not a request for adjudication, but a final presentment of a perfected administrative judgment. To recharacterize it as a Complaint is to misstate the nature of this action and misconstrue its jurisdiction. This Equity Court sits in ministerial capacity to recognize and enforce a sealed private record — not to reopen dispute through mislabeling. The Court is reminded that jurisdiction flows from substance, not caption, and that a perfected judgment cannot be transmuted into a controversy by stylistic relabeling.

## I. THE STAY IS WITHOUT JUSTIFICATION AND VIOLATES FUNDAMENTAL EQUITY PRINCIPLES

The indefinite stay imposed by this forum of conscience obstructs justice without lawful basis or judicial purpose. Such unjustified prolonged inaction contravenes long-established precedent forbidding courts from using procedural tactics to evade enforcement of valid judgments. Courts may not indefinitely defer ruling on properly presented motions absent compelling justification.

In *McClellan v Carland, 217 U.S. 268 (1910),* the United States Supreme Court reversed a lower court's attempt to delay proceedings under the guise of awaiting a related decision, affirming that federal courts must act within their jurisdiction and cannot use procedural delays to deny justice. *McClellan* prohibits judicial inaction that deprives parties of timely relief, especially when such inaction benefits the opposing party. Similarly, the stay in this action deprives Petitioner of timely resolution and functions as an implied dismissal without due process.

Procedural maneuvers cannot be used to obstruct justice or shield parties from accountability. Here, the indefinite stay benefits Respondents by forestalling enforcement of a valid administrative judgment, in violation of equitable mandates. As the Supreme Court made clear in *Ex Parte United States, 287 U.S. 241 (1932),* courts are obligated to act upon legal determinations without delay. When a valid legal instrument is

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed.    Equity requires no further delay.

2 of 8

properly presented, courts lose the discretion to defer action.

Equity commands immediate enforcement:

> *"Equity will not suffer a wrong without a remedy."*
> *"Equity aids the vigilant, not those who slumber on their rights."*
> *"Justice delayed is justice denied."*

The living record now speaks for itself. Petitioner does not argue. Petitioner administers. Petitioner has fully asserted and preserved her equitable rights. Immediate relief is not only warranted, it is mandatory.

## II. ADMINISTRATIVE JUDGMENT IS FINAL, BINDING, AND REQUIRES ENFORCEMENT

This matter is not before the Court for litigation. It is before the Court for enforcement of a perfected administrative judgment. Petitioner lawfully initiated a commercial administrative process under the Uniform Commercial Code (UCC), contract law, and the Administrative Procedures Act (APA). Respondents failed to rebut, respond, or provide any verified objection to Petitioner's presentments and sworn affidavits within the required timeframes.

Respondents failure to respond constitutes legal agreement and commercial default. Under UCC § 3-603 (Tender of Payment) and North Dakota Century Code (N.D.C.C.) § 41-03-65, default operates as full satisfaction and settlement of obligation. Once default is perfected through silence and acquiescence, a binding administrative record is created which stands as judgment in commerce. Such administrative determinations, when uncontested, are enforceable without further judicial involvement. See *Flagg Bros. v Brooks, 436 U.S. 149 (1978)*. The judgment at issue here is final. It has not been challenged. It has not been rebutted. It is not pending — it is perfected.

In *United States v Utah Construction & Mining Co., 384 U.S. 394 (1966)*, the Supreme Court held:

> "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."

Further, in *Buckeye Check Cashing v Cardegna, 546 U.S. 440 (2006)*, the Court confirmed that where parties agree to a dispute resolution process, it's outcome must be enforced — even if one party later challenges the contract as a whole. Here, Respondents agreed to be bound by administrative orders under the terms of their own Deed of Trust and then failed to contest the process. Respondents cannot now avoid enforcement after acquiescing by silence and default. Accordingly, this Court's role is not to evaluate facts

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed. Equity requires no further delay.

3 of 8

or revisit procedure. The record is complete. The duty of performance now lies not in contemplation, but in confirmation. Equity requires this Court to recognize and enforce what is already settled.

### III. THIS COURT'S REFUSAL TO ENFORCE THE ADMINISTRATIVE JUDGMENT DENIES PETITIONER'S DUE PROCESS RIGHTS

The continued silence from Chancellor Hochhalter on substantive rulings effectively denies Petitioner's fundamental right to meaningful judicial review and appellate remedy. Judicial silence obstructs the path for relief, violating Fifth and Fourteenth Amendment protections. Petitioner invokes no statutory rights requiring litigation, but rather constitutional guarantees of due process and equal protection, coupled with equitable enforcement of a perfected commercial judgment. See *Goldberg v Kelly*, 397 U.S. 254, 262-63 (1970); *Ex Parte Young*, 209 U.S. 123 (1908).

Rather than acknowledging the binding effect of the administrative process, this Equity Court's December 02, 2024 order failed to provide any legal justification for disregarding commercial default. This omission is significant as due process requires courts to articulate the basis for their decisions, particularly when a party's rights are at stake. *United States v Taylor*, 487 U.S. 326 (1988). The absence of any articulated reasoning further underscores this Court's reluctance to engage with the substance of Petitioner's claims, creating an appearance of judicial avoidance rather than proper execution of a perfected judgment. Continued failure to acknowledge and enforce what stands perfected constitutes a denial of due process and evasion of judicial responsibility.

### IV. RESPONDENTS' UNCLEAN HANDS: FORECLOSING AFTER ACCEPTING FULL COMPENSATION

Respondents' failure to reconvey title after accepting full and complete compensation, and the misconduct that followed, confirms that Respondents possess unclean hands and do not stand in honor in this Equity Court. Their conduct violates their own Deed of Trust, the covenant of good faith, and the foundational principles of contract, equity, and commercial law. Respondents continued collection activity and foreclosure proceedings on an alleged obligation that had been fully satisfied — conduct that must not be excused in this forum of conscience.

Equity mandates that any party seeking or benefiting from judicial intervention must approach the Court with clean hands. Respondents have clearly failed this foundational requirement. Respondents documented misconduct includes:

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed.   Equity requires no further delay.

4 of 8

a). Within a six-month period following acceptance of full compensation, Respondents issued seventeen (17) separate demands for additional compensation — despite standard monthly presentment procedures limiting this to six (6); and,

b). Petitioner Accepted for Value (A4V) each of the seventeen (17) presentments and returned them through a formal administrative process, documented by fifteen (15) certified mailings (USPS Form 3811) and corroborated by two (2) witnesses; and,

c). Respondents failed to rebut, respond to, or otherwise acknowledge any of Petitioner's notices — creating an unrebutted and enforceable commercial record; and,

d). Despite receiving full compensation, Respondents proceeded with a non-judicial foreclosure, in violation of Clause #23 of their own Deed of Trust, which requires reconveyance upon satisfaction of the secured debt.

These actions constitute clear and actionable misconduct, bad faith, and unjust enrichment — hallmarks of the unclean hands doctrine. This Equity Court must recognize and rectify such misconduct, and must not allow continued benefit from defaulted obligations.

## V. COURT'S DOUBLE STANDARD REGARDING ADMINISTRATIVE DEFAULTS

Financial institutions such as Respondents routinely initiate non-judicial foreclosures through administrative process — issuing presentments or notices, and interpreting homeowner silence as consent or default. These actions often proceed without judicial oversight or ruling, yet are routinely upheld as commercially valid and legally binding. This Court cannot now apply a stricter standard to Petitioner's perfected administrative record, which followed the same lawful process but with full documentation, notice, and opportunity to cure. The record reflects that Petitioner followed the same administrative process — grounded in UCC and contract law — and perfected a binding record through lawful presentment and unrebutted notices. Yet, while courts routinely allow banks to enforce administrative defaults against homeowners, this Equity Court has not taken any action to enforce Petitioner's perfected, administrative judgment under the same standard. This creates the appearance of a double standard and raises constitutional concerns under both equal protection and due process.

Courts cannot apply one standard to institutions and a separate, stricter standard to individuals. Such selective inaction undermines public trust and violates the equitable principle that "like cases must be treated alike," regardless of who asserts it. If financial institutions may rely on silence as consent in administrative foreclosure, then Petitioner's perfected administrative record — secured through the exact

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed.   Equity requires no further delay.

5 of 8

same process — must be enforced with equal weight. Equity cannot tolerate inconsistency when default is proven and unrebutted.

## VI. THIS COURT SITS AS A CHANCELLOR IN EQUITY AND HAS NO DISCRETION: EQUITY MANDATES IMMEDIATE ENFORCEMENT

Furthermore, Petitioner respectfully reminds this Court that this matter arises in Equity — not statutory law. As such, traditional, procedural rules, statutory defenses, and discretionary judicial delays do not apply. This is not a case to be litigated under the Federal Rules of Civil Procedure, but rather one to be enforced through the Chancellor's equitable authority and obligation. This Court stands not before a party to controversy, but before the one who carries the sealed remedy. Equity jurisdiction exists precisely where statutory law fails to provide remedy. The administrative record, perfected in commerce, is final and binding. The role of this Equity Court is not to review, reconsider, or debate — it is to execute.

As a Magistrate Judge, Chancellor Hochhalter remains bound by the same equitable principles as any Article III judicial officer. The equitable duty to enforce a perfected administrative judgment does not depend on judicial rank, but on adherence to the maxims of Equity. Petitioner is not invoking statutory rights or requesting adjudication of disputed facts — Petitioner is invoking this Court's ministerial obligation to enforce what is already settled. This Court is not facing a procedural question, but a moral one. To permit continued delay, in the face of such documented wrongdoing, would allow Respondents to benefit unjustly from their misconduct, render the very purpose of Equity jurisdiction meaningless, and reflect a default of the Court's own conscience.

## VII. CONCLUSION AND FINAL EQUITY DEMAND FOR ENFORCEMENT

On December 02, 2024, this Court ordered:

> "The court, on its own motion, STAYS this action pending further order. The court neither expects nor requires any further briefing from the parties at this time."

That language closed the record. It created a procedural vacuum in which relief is indefinitely deferred and no remedy is available — unless this Court acts on its ministerial duty. Petitioner has complied with that directive in full. Respondents remain in commercial default and have never contested the facts, the record, or the administrative findings. Yet four (4) months later, no "further order" has been issued. This Court has avoided ruling on all of Petitioner's properly submitted motions seeking enforcement and equitable remedy, choosing instead to issue orders only on non-substantive or peripheral filings. In Equity, this extended silence is not neutral — it is judicial avoidance. By foreclosing all further briefing while simultaneously refusing to issue a ruling, this Court has created a closed loop designed to preserve

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed. Equity requires no further delay.

6 of 8

procedural inaction. Petitioner now has reasonable cause to believe that this Court intends to avoid responsibility for enforcement and may be awaiting appellate intervention to resolve the matter in its place. Such strategic inaction is irreconcilable with the duty of an Equity Court, where delay in the face of a complete and unrebutted record constitutes a denial of justice.

Petitioner further anticipates procedural maneuvering by Respondents to obstruct enforcement. In this forum of Equity, delay tactics must yield to substance. Equity abhors delay.

Petitioner does not proceed in hope of recognition, but in fulfillment of duty; the record requires no applause — only performance. The silence of the system does not unsettle the truth. It confirms it. Petitioner hereby places this Court on notice that any further refusal or delay in ruling will trigger immediate appellate review. Petitioner is fully prepared to seek a Writ of Mandamus to compel enforcement and correct any continued denial of Equity and due process. This Court has no lawful authority to shield Respondents from the consequences of their documented and unrebutted misconduct by withholding enforcement of a perfected administrative judgment.

## VIII. IMMEDIATE REMEDY REQUIRED

The commercial record is complete and closed. Respondent's default stands. The administrative judgment is perfected. There are no remaining disputes, defenses, or unresolved facts — only an outstanding obligation that this Equity Court is now required to enforce. The burden to act now lies solely with this Court.

Petitioner hereby orders this Court to fulfill it's ministerial duty and execute immediate enforcement of the perfected judgment. Inaction and silence is no longer procedural — it is prejudicial. Equity requires performance, not delay. The time for rebuttal has long passed. The time for remedy has fully matured.

This Court must:

1). **Lift the indefinite stay imposed on December 02, 2024**, which serves no legitimate judicial or equitable purpose.

2). **Enforce the perfected administrative judgment**, secured through unrebutted presentments, lawful process, and Respondents' documented silence and acquiescence.

3). **State the legal basis — if any — for its continued refusal or delay**, to ensure preservation of appellate rights and compliance with due process.

4). **Acknowledge that further delay constitutes a denial of Equity and judicial accountability**, and will trigger immediate appellate escalation.

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed.   Equity requires no further delay.

7 of 8

The duty to act — openly, clearly, and without hesitation — now rests squarely with this Court. This is not a request. It is the final breath of a record already spoken in silence, already resolved in truth, already closed in Equity. This Court is not being asked to judge — only to reflect, and reflection, once invoked, cannot be withheld. The mirror now stands, and the law must answer.

Respectfully and urgently submitted,

Dated this 1st day of April, 2025.

By: /s/Charlyn : Greene
Charlyn : Greene, Executor and Real Party in Interest
Appearing in Equity, with Clean Hands
All rights reserved, without prejudice, without recourse
c/o P.O. Box 275
Napoleon, ND [58561]
(702)491-4800
csgreene@protonmail.com

This is a Sacred Presentment in Equity - made by a Living Woman and Executor of Record.
Jurisdiction is sealed.   Equity requires no further delay.

8 of 8