#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Charlyn Greene, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTIONS TO** |
| | ) | **STRIKE AND TO LIFT STAY** |
| v. | ) | |
| | ) | |
| Nationstar Mortgage, LLC, d/b/a | ) | |
| Mr. Cooper, et al., | ) | Case No.: 1:24-cv-00087 |
| | ) | |
| Respondents. | ) | |

On December 2, 2024, the court ordered a stay of the above-captioned matter pending further order. (Doc. No. 61). The court further denied Petitioner Charlyn Greene's ("Greene") Motion for Default Judgment, "Motion for Summary Default Judgment ie; CONFESSED JUDGMENT," multiple motions to strike, dismissed Greene's claims against Respondent Debbie Conway d/b/a Clark County Recorder's Office, deemed moot the original Motion to Dismiss filed by Respondent MTC Financial, Inc. d/b/a/ Trustee Corp. ("MTC") as it was superseded by the Amended Motion to Dismiss, and denied Respondent Nationstar Mortgage, LLC, d/b/a Mr. Cooper's ("Nationstar") motion for hearing on its pending motions.

On April 2, 2025, Greene filed a *Motion to Strike* (Doc. No. 62) and a *Motion to Lift Stay* (Doc. No. 63). In the *Motion to Strike*, Greene requested the court "strike all pleadings, motions, and filings submitted by Respondents' legal counsel for lack of standing in Equity and procedural invalidity." (Doc. No. 62 at 1). As to the *Motion to Lift Stay*, Greene requested the court "immediately lift the indefinite stay imposed on December 02, 2024, and compel enforcement of the final administrative judgment already obtained by Petitioner." (Doc. No. 63 at 1). In moving for the lifting of the stay, Greene argued the stay is without justification and in violation of fundamental equity principles. Notably, "[t]he indefinite stay imposed by this forum of conscience

obstructs justice without lawful basis or judicial purpose. Such unjustified prolonged inaction contravenes long-established precedent forbidding courts from using procedural tactics to evade enforcement of valid judgments. Courts may not indefinitely defer ruling on properly presented motions absent compelling justification." (*Id.* at 2).

On April 11, 2025, Nationstar filed a response in opposition to Greene's *Motion to Strike* and *Motion to Lift Stay*. (Doc. No. 66). Therein, Nationstar argued the motion to strike should be denied as Greene previously filed multiple motions to strike on similar grounds as the instant motion, the instant motion offers nothing new, and the court denied the prior motions. As to the *Motion to Lift Stay*, Nationstar asserted that Greene raised the same arguments as in previous filings, and the fully briefed Motion to Dismiss addresses them.

On April 24, 2025, Greene filed a reply to Nationstar's response. (Doc. No. 67). In her reply, Greene opposed Nationstar's "false and baseless accusation of fraud," regarding Nationstar's contention that Greene continues to demand judgment based on a submission of false and fraudulent documents purporting to satisfy her mortgage loan to Nationstar. She argued,

> The accusation is vague, conclusory, and clearly intended to distract from Respondent's own procedural silence and default. Respondents deceitful filing is not a legitimate defense. It is a calculated smear designed to provoke, distort the record, and shift attention away from the substantive issues before the Court – including Petitioner's perfected administrative judgment and Respondent's failure to rebut, respond, or cure.

(*Id.* at 2).

Turning first to the *Motion to Strike*, the court is not inclined to again readdress this issue. As indicated by Nationstar in its response, this court has previously denied multiple motions to strike filed by Greene as frivolous, all of which have requested this court strike all of Respondents' filings.

In terms of Greene's *Motion to Lift Stay*, the court previously ordered this action stayed pending further order of the court, also opining that "[t]he court neither expects nor required any further briefing from the parties at this time." (Doc. No. 61 at 4). Greene now argues that the court "closed the record" and "created a procedural vacuum in which relief is indefinitely deferred and no remedy is available – unless this Court acts on its ministerial duty." (Doc. No. 63 at 6). Greene further contended:

> Yet four (4) months later, no "further order" has been issued. This Court has avoided ruling on all of Petitioner's properly submitted motions seeking enforcement and equitable remedy, choosing instead to issue orders only on non-substantive or peripheral filings. In Equity, this extended silence is not neutral – it is judicial avoidance. By foreclosing all further briefing while simultaneously refusing to issue a ruling, this Court has created a closed loop designed to preserve procedural inaction. Petitioner now has reasonable cause to believe that this Court intends to avoid responsibility for enforcement and may be awaiting appellate intervention to resolve the matter in its place. Such strategic inaction is irreconcilable with the duty of an Equity Court, where delay in the fact of a complete and unrebutted record constitutes a denial of justice.

(*Id.* at 6-7). The court is not inclined to lift the stay based on Greene's contention that this court has engaged in judicial avoidance and procedural inaction. The court ordered this action stayed until resolution of the pending motions in an attempt to reduce the expenditure of the parties' time and resources. Contrary to what Greene may believe, this court has an extensive criminal and civil docket, with criminal matters often taking precedence due to the time-sensitive nature of the proceedings. While the court is cognizant of the frustration that may occur in waiting for the court to rule on motions, each person views their case as the most important, and the reality is that litigation is a time-consuming matter.

Greene's *Motion to Strike* (Doc. No. 62) and *Motion to Lift Stay* (Doc. No. 63) are **DENIED**. The court further cautions Greene that continued attempts to file duplicative motions on similar grounds without offering any new information will not be taken in good faith.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
